SHIREY *v.* SCHLEMMER.

[No. 1067S116. Filed October 31, 1967.]

*Joseph R. Roe,* of Columbia City, and *Kizer & Neu,* of Plymouth, both for appellant.

*George M. Bowser,* of Warsaw and *George F. Stevens,* of Plymouth, both for appellee.

MOTE, J.—This matter comes to us on the Appellant's Petition for Transfer and request for oral argument on said Petition. We granted the request for oral argument, reserving a ruling on said Petition until after the oral argument, which now has been had. Pursuant to § 4-214 of Burns' Ind. Stat. Anno., we now grant the Petition to Transfer on the ground that the decision and majority opinion of the Appellate Court (1967—223 N. E. 2d 759) [140 Ind. App. 606] is erroneous and contravenes a line of decisions of this Court, as hereafter will be made to appear.

There was a dissent without opinion by Judge Bierly; however, on Appellant's Petition for Rehearing filed in the Appellate Court, Judge Bierly not only dissented to the overruling of said Petition, but also supported his dissent by opinion reported in 225 N. E. 2d 585 [140 Ind. App. 606].

The action below and now before us was for damages by reason of alleged medical malpractice by the Appellee on the body of Appellant, that is, the reduction of a fracture by Appellee on Appellant's left arm on April 23, 1960, and the post-reduction advice and treatment.

The record evidence indicates that Appellant had fallen from a horse, breaking both bones (the radius and the ulna) of his left forearm above the wrist. Attended by Appellee in a hospital, X-rays were taken which disclosed the fracture. Attempt to reduce the fracture by manipulation failed and on April 25, 1960, Appellee reduced the fracture by placing a metal plate on each broken bone, after which he used sutures and then placed the forearm in an aluminum splint extending from the wrist almost to the elbow and wrapped it with elastic bandage. On April 28, 1960, other X-rays taken disclosed the reduction and the plates on the bones. On April 30, 1960, Appellant was discharged from the hospital. Numerous office calls were made for further examination and to remove stitches.

The evidence further indicates that after about eight weeks, Appellee removed the aluminum forearm splint, thus leaving

the arm without any immobilization whatever. Appellee advised exercise of the arm to strengthen the muscles. After a period of about six months, other X-rays were taken which disclosed no bone union and solid healing.

Early in 1961, Appellant consulted other physicians who took additional X-rays which likewise disclosed no bone union of either the radius or the ulna; however, there was a fibrous union and a deterioration of a small portion of the ulna, and some grafting was recommended, plus the use of a full-arm plaster cast to provide complete immobility.

Some dispute arose as to the proper medical techniques and medical procedures in the reduction of the type of fracture here encountered, the use of a full-arm plaster cast thus completely to immobilize the arm during the knitting or healing process, whether Appellant negligently contributed to the condition, as well as several other features and meaning of the evidence, but we do not deem it essential to further dwell upon such items.

We regard the evidence as sufficient to establish a *prima facie* case, and even though there were conflicts, only the jury could determine the ultimate facts from the evidence.

Hence it was error for the trial court to give instructions over the objections of Appellant withdrawing from the consideration of the jury various specifications of negligence alleged in the complaint.

We think it is unnecessary to recite the specifications of negligence alleged in the complaint, the consideration of which was withdrawn from the jury, the objections to instructions given by the court withdrawing their consideration of the same, and the detailed evidence in the record designed to prove such allegations, even though much of it is of a conflicting nature. The trial court, the Appellate Court and this Court cannot place itself in the position of the jury. It had the exclusive right and duty to determine the ultimate issuable facts under appropriate direction and valid instructions of

the trial court. This could not be accomplished by withdrawing such issues from the consideration by the jury.

The situation here is not as if there were no evidence conflicting or otherwise to sustain the particular allegations of negligence in the complaint.

We find many errors in the record in respect to the instructions applied to the allegations of the complaint and the evidence, much of which admittedly is in conflict. Further comment, we think, is not warranted.

Judgment reversed and a new trial is ordered.

Arterburn and Lewis, JJ., concur.

Jackson, J., concurs in result.

Hunter, C. J., not participating.

NOTE.—Reported in 230 N. E. 2d 534.