[Civ. No. 9786. Fourth Dist., Div. One. Sept. 28, 1970.]

PATRICIA LUCILLE COLE et al., Plaintiffs and Appellants, v.
THE STATE OF CALIFORNIA et al., Defendants and Respondents.

## COUNSEL

Richard M. Hawkins for Plaintiffs and Appellants.

Harry S. Fenton, Richard G. Rypinski, Robert L. Smith, Sherman E. Hollingsworth, Luce, Forward, Hamilton & Scripps, Gerald S. Davee, Thompson & Colegate, Robert Coppo and Frederick J. Lower, Jr., for Defendants and Respondents.

## OPINION

BROWN (Gerald), P. J.—Plaintiffs, surviving widows and children of two deceased State employees, appeal a judgment of nonsuit in favor of all defendants entered after their counsel made his opening statement at the trial of their wrongful death action.

On October 18, 1966, about 8 a.m., plaintiffs' deceaseds were passengers in a state-owned car driven by another State employee, John Gilmore, on their way to a job location to work for the California Division of Highways. At the intersection of Ross Avenue and Austin Road in Imperial County, Gilmore drove through a stop sign about 50 miles per hour as he entered the intersection traveling southbound on Austin Road. He collided with a truck driven by defendant Judy Preece who entered the intersection driving eastbound on Ross Avenue. Ross Avenue was a through street with an intersection warning but no stop signs or signals.

The impact carried both vehicles into the Brawley Main Canal. Passersby rescued defendant Preece. All three in the State car were killed.

Plaintiffs have received death benefits under the Workmen's Compensation Act. The question here is whether, based upon their counsel's representation of what he expected to develop by evidence, they have a civil remedy against defendant estate of John Gilmore or defendant State of California, and whether they have offered to show facts from which a reasonable inference of negligence on the part of defendant Preece would arise to establish her liability and the vicarious liability of defendant Quintero who owned the truck she was driving. ▮ In construing the opening statement we accept as proven all the facts counsel says he expects to prove and indulge in all favorable inferences reasonably arising from those facts. (*Palazzi* v. *Air Cargo Terminals, Inc.*, 244 Cal.App.2d 190, 194 [52 Cal.Rptr. 817].) After the motions for nonsuit were made the court gave plaintiffs' counsel full opportunity to state all facts he expected to prove before it ruled on the motions.

Plaintiffs first contend the trial court erroneously denied a motion they brought for summary judgment on the liability issues involving the Gilmore estate and the State of California. The denial of summary judgment is not appealable. We consider the theoretic bases for plaintiffs' motion insofar as it might raise a jury issue which would invalidate the judgment of nonsuit as to those defendants.

Plaintiffs contended in their summary judgment motion Gilmore was a supervisory employee, thus a "statutory employer" as defined in Labor Code section 6304. As such, plaintiffs argue, Gilmore was required to furnish plaintiffs' deceaseds with a safe place of employment (Lab. Code, § 6400). While a vehicle may qualify as a "place of employment" (Lab. Code, § 6302; *De Cruz* v. *Reid,* 69 Cal.2d 217, 229 [70 Cal.Rptr. 550, 444 P.2d 342]), the requirement employees be furnished a safe place of employment relates to the physical condition of the place rather than activities of other employees, be they "statutory employers" or not. Plaintiffs did not plead any defect in the State car involved in the accident; they alleged no defect in the car in the declaration supporting their motion for summary judgment or in counsel's opening statement. The liability of Gilmore's estate and of the State of California is governed by Labor Code sections 3600 and 3601 rather than Labor Code section 6400.

Before 1959, an employee injured by the negligence of a co-employee could recover in a civil action against the coemployee as a third party. The Legislature amended Labor Code section 3601 in 1959 to provide Workmen's Compensation is the exclusive remedy for injury or death of an employee against the employer or against any other employee of the employer acting within the scope of his employment except in limited situations. Plaintiffs challenge the constitutionality of the 1959 amendment of section 3601, arguing there is no sound public policy reason for extending civil action immunity to negligent coemployees. The constitutionality of section 3601 as amended in 1959 was thoroughly explored and upheld in *Lowman* v. *Stafford,* 226 Cal.App.2d 31 [37 Cal.Rptr. 681]. We reject plaintiffs' constitutional challenge on the authority of that case.

Plaintiffs alleged causes of action against the Gilmore estate falling within an exception to the civil immunity granted to coemployees by section 3601, charging Gilmore operated the State car in a wanton and reckless manner and in such a way as to evince a reckless disregard for the safety of the plaintiffs' deceaseds and showed a calculated and conscious willingness to permit injury or death to the deceaseds (Lab. Code, § 3601, subd. (a)(3)). The question on appeal is whether plaintiffs' counsel's opening statement stated sufficient facts plaintiffs expected to prove to support the causes of action under the exception alleged.

Insofar as it relates to Gilmore's driving, plaintiffs' opening statement related: plaintiffs' deceaseds ". . . were riding as passengers in a State automobile being driven by Mr. Gilmore, . . . they had started their work and were on their way to the scene of a location where they were going to engage in the work for the Division of Highways of the State of California." At the intersection of Austin Road and Ross Avenue the State car collided with the pickup truck driven by defendant Preece; the "two automobiles were under the control of the two respective drivers but . . . the duties on the two drivers differed as they approached and as they entered the intersection"; "Back some 665 feet on Austin Road where the State car was coming from there was a sign up that said 'Stop Ahead.' Just before you entered the intersection from Austin there was another sign that said 'Stop.' " The State car "passed by the 'Stop Ahead' sign and entered that intersection going through that stop sign around fifty miles an hour." "We believe the evidence will show . . . the driver of the State car was reckless in his conduct and . . . the driving of that vehicle in that way through that intersection showed a consciousness, a willingness to allow injury not only to himself or death, but to those that were riding with him. Now, that is the liability."

In chambers, after the defendants had presented their motions for nonsuit, plaintiffs' counsel augmented his opening statement: "There is only one thing . . . I can say in addition to the opening statement and that is the physical facts of this accident will show . . . the driver, Gilmore, apparently saw the danger as it approached and exercised a maneuver that apparently—let up on the brakes and attempted to proceed on through the intersection which is reflected in the police report. That would show a conscious and calculated effort. His net result was mistake because he got clobbered."

■ Do the facts offered in the opening statement raise a reasonable inference Gilmore was guilty of "an act . . . which evinces a reckless disregard for the safety of the employee injured, and a calculated and conscious willingness to permit injury . . . to such employee?" (Lab. Code, § 3601, subd. (a)(3).) We think not. *Breceda* v. *Gamsby,* 267 Cal.App.2d 167, 178 [72 Cal.Rptr. 832] says: "Applicability of subdivision (a)(3), demands more than a reckless disregard of plaintiff's safety. It requires a 'calculated and conscious willingness' on Gamsby's part to permit injury to plaintiff. As stated, such willingness at the very least . . . equates with the 'willful misconduct' required by section 4553. To show such wilfulness, '[a] "reckless disregard" of the safety of employees is not sufficient in itself unless the evidence shows that the disregard was more culpable than a careless or even a grossly careless omission or act. It must be an *affirmative and knowing disregard* of the consequences.' (Italics

added.) (*Hawaiian Pineapple Co.* v. *Industrial Acc. Com.* (1953) 40 Cal.2d 656, 663 [255 P.2d 431].) That case also states (on p. 662): 'While gross negligence may involve an intent to perform the act of omission, wilful misconduct involves the further intent that the performance be harmful *or that it be done with a positive, active and absolute disregard of the consequences.*' (Italics added.) The standard requires that the party to be charged must have in fact 'put his mind' to the danger of probable injury to the employee and that he nevertheless deliberately failed to take precautions to avert it. (*Id.* at p. 663; see also *Rogers Materials Co.* v. *Industrial Acc. Com.* (1965) 63 Cal.2d 717, 721-723 [48 Cal.Rptr. 129, 408 P.2d 737].)"

Counsel's narrative of what he expected to prove boils down to showing Gilmore failed to heed a "Stop Ahead" sign, went through a stop sign at 50 miles per hour, apparently applied his brakes, then, when he saw his predicament, let up on the brakes and attempted to clear the intersection. The offered facts fall short of raising an inference Gilmore " 'put his mind' to the danger of probable injury to the employee . . . nevertheless deliberately failed to take precautions to avert it" (*Breceda* v. *Gamsby, supra,* 267 Cal.App.2d 167, 178). Undoubtedly the facts offered would support a finding of negligence or even gross negligence, but that is not sufficient to meet the requirements of section 3601, subdivision (a)(3).

In their closing brief, plaintiffs suggest a question of fact arises because, while "the driving of Gilmore was probably within the scope of his employment," a factual issue remains as to whether he was or was not outside the scope while on his way to the place of employment. The complaint, however, alleges Gilmore was acting within the scope of his employment by the State. In his opening statement, counsel said: "They (Gilmore and his two passengers) had started their work and were on their way to the scene of a location where they were going to engage in the work for the Division of Highways of the State of California." In their opening brief, plaintiffs state: "It is uncontroverted that Gilmore, Cole and Cuff were State employees and were on their way to a bridge site in the course and scope of their employment." The employment of Gilmore and his acting within the scope of that employment was established by the pleadings and the opening statement. No factual issue remained on that score.

The court properly granted the nonsuit in favor of the Gilmore estate. It follows the nonsuit was properly granted in favor of the State of California. Even if plaintiffs could have brought their case within the exception of section 3601, subdivision (a) (3), the State would not have been liable (Lab. Code, § 3601, subd. (c)).

The liability of defendant Preece, driver of the pickup truck with which

the State car collided, and defendant Quintero, vicariously liable as owner of the pickup truck is to be determined under ordinary negligence concepts.

Concerning defendant Preece's acts, plaintiffs' counsel stated he expected to prove: "Well, the evidence will also show that Mrs. Judy Preece was driving a pickup truck and she was going east' along Ross Avenue. As these two roads crossed, there was a collision between the pickup truck driven by Mrs. Preece and the State automobile driven by Mr. Gilmore." Both cars "were under the control of the respective drivers"; there were no controls at the intersection for cars travelling Mrs. Preece's direction; about 600 feet before she entered the intersection, Mrs. Preece would have passed a sign with a line up and a line across which would indicate to her an intersection was ahead; Mrs. Preece passed another car before she reached the intersection; Mrs. Preece "proceeded into the intersection with the right of way"; at the intersection "There was a house set back [Mrs. Preece] saw the other car coming as she passed the house and attempted to stop her truck before she entered the intersection."

Plaintiffs' counsel also said: "Now, there's [sic] some peculiar points of law here. The truck driven by Mrs. Preece had the right of way. The evidence will show because of that sign, perhaps there was a little bit of negligence on her part, that she should have had her car under a little more control or perhaps be able to stop before this collision occurred or at least before—" At this point counsel for defendant Preece objected the opening statement was becoming argumentative and the court admonished plaintiffs' counsel to present the facts he expected to prove rather than explain the points of law involved to the jury.

In chambers, after Mrs. Preece's attorney presented her motion for mistrial, plaintiffs' attorney said: "The only thing I can add to the former statement, I am willing to do it for the purpose of the motion here, is to state in the opening statement that there was a house and a barn at the quadrant of the intersection between the approach of the two different vehicles leading up to the collision which may have obstructed the view."

█ No facts were related in the opening statement from which it could reasonably be inferred Mrs. Preece did anything other than what a reasonably prudent person in her position on the highway would do. She had the right of way, there was no allegation her speed was excessive, nothing showed an unusual maneuver, she attempted to stop when she saw the danger, no facts were stated which would tend to show lack of attentiveness or failure to heed any forewarning of the danger posed by the State car. She was entitled to rely on cross-traffic heeding the stop sign (*Bristow v. Brinson,* 212 Cal.App.2d 168, 173 [27 Cal.Rptr. 796]). Unless plaintiffs offered to establish facts showing Mrs. Preece did something other than drive her truck in a normal manner into the intersection and arrive at the

same time as did the State car, a judgment against her and the owner of the truck would be unsupported. The nonsuit as to defendants Preece and Quintero was properly granted.

Plaintiffs contend the trial court abused its discretion in denying them a trial continuance to the following summer. They applied for the continuance based upon their principal attorney being involved in another trial and the teaching duties of one plaintiff. When the motion for continuance was heard, no appearance was made on plaintiffs' behalf. We have not been furnished a transcript of the proceedings on the motion to continue the trial. Plaintiffs have appended a copy of their motion and the supporting declaration of their attorney to their opening brief. We cannot presume an abuse of discretion by the trial court. Plaintiffs have not sustained their burden of establishing an abuse of discretion. Plaintiffs were represented by an attorney at the trial. We have not been told any facts, additional to those stated by the attorney trying the case, which the principal attorney could have stated to overcome the nonsuit motions.

Judgment affirmed.

Coughlin, J., and Whelan, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied November 25, 1970.