[Civ. No. 63953. Second Dist., Div. One. June 17, 1982.]

ELLIS HURN, Plaintiff and Appellant, v.
RICHARD T. WOODS, Defendant and Respondent.

COUNSEL

Kaplan, Zorigian & Kaplan and Victor E. Kaplan for Plaintiff and Appellant.

Reinjohn, Clements, Burgess & Humphreys, Richard G. Reinjohn and Christopher J. Anderson for Defendant and Respondent.

OPINION

LILLIE, J.—In this medical malpractice action, plaintiff appeals from judgment of nonsuit entered after the completion of his opening statement at the jury trial (Code Civ. Proc., § 581c).

The opening statement set forth the following facts which plaintiff intended to prove: On August 31, 1974, defendant, a chiropractor, gave plaintiff manipulative treatment for a problem in the upper back. In the course of the treatment defendant locked into rigid position the table on which plaintiff was lying so that the table had no "give." Defendant then placed an extraordinary amount of force on plaintiff's back caus-

ing plaintiff to cry out in pain and exclaim: "Doc, you like to have killed me then." When plaintiff went home he was sore and complained of pain. On September 3, 1974, plaintiff telephoned defendant stating that he was in considerable pain and would like to see defendant that day. Defendant said that he was just closing his office and told plaintiff to come the next day. Accordingly, on September 4 plaintiff returned to defendant's office. On that occasion defendant placed his hand on plaintiff's chest and on his back and asked him to cough. When plaintiff did so, defendant said: "Well, you have got a torn sternum, cartilage. The sternum is the center of the chest and it is an area where the rib joins to the breast bone and the cartilage there." After obtaining a rib belt which defendant prescribed, plaintiff continued to have considerable pain in the breast and lower left rib cage. On September 20 and October 25, 1974, he saw an orthopedist who diagnosed a torn sternum cartilage and a fractured rib. Plaintiff also experienced burning pain and irritation in the area of the esophagus and upon consulting an internist he learned that he had a hiatal hernia. A physician would testify that while defendant's treatment of plaintiff did not cause the hernia, it aggravated such condition.

Defendant moved for judgment of nonsuit on the ground that the opening statement did not show that plaintiff would call an expert witness to testify that defendant failed to exercise the standard of care ordinarily exercised by chiropractors under similar circumstances. In opposition to the motion plaintiff argued that production of such evidence was unnecessary because he relied on the doctrine of res ipsa loquitur to establish defendant's negligence. The trial court granted the motion for nonsuit stating: "I think I have to rule for the defense and say that on the opening statements that the dismissal must be granted in that he doesn't say a doctor—that he will call a doctor who will testify or a chiropractor who will testify that the behavior was beneath the standard of care or the practice in the community."

■ In ruling on a motion for nonsuit on plaintiff's opening statement, only the grounds of the motion specified by the defendant may be considered by the trial court or by the appellate court on review, and if such grounds are insufficient a nonsuit is improper even though other good grounds may exist. (*Smith* v. *Roach* (1975) 53 Cal.App.3d 893, 898 [126 Cal.Rptr. 29]; 4 Witkin, Cal. Procedure (2d ed. 1971) Trial, § 362, pp. 3159-3160.) Defendant argues here that the evidence outlined in the opening statement did not establish that the treatment

administered by him was the cause of plaintiff's injuries inasmuch as evidence showed a torn sternum cartilage was diagnosed three days following the treatment and a fractured rib was diagnosed still later. This factor goes to the issue of proximate cause, whereas defendant's motion for nonsuit was based on the opening statement's failure to show that expert testimony would be produced establishing that defendant's treatment of plaintiff fell below the standard of care required of chiropractors under similar circumstances. Our review is limited to determining whether nonsuit was proper on that ground.

■ Res ipsa loquitur applies where the occurrence of an injury is of such a nature that it can be said, in the light of past experience, that it probably was the result of negligence by someone and that defendant probably is the person who is responsible. In determining whether such probabilities exist with regard to a particular occurrence, the courts have relied on both expert testimony and common knowledge. (*Kerr* v. *Bock* (1971) 5 Cal.3d 321, 324 [95 Cal.Rptr. 738, 486 P.2d 684]; *Tomei* v. *Henning* (1967) 67 Cal.2d 319, 322 [62 Cal.Rptr. 9, 431 P.2d 633].) ■ Ordinarily, the standard of care required of a doctor, and whether he exercised such care, can be established only by the testimony of experts in the field. (*Lawless* v. *Calaway* (1944) 24 Cal.2d 81, 86 [147 P.2d 604]; *Friedman* v. *Dresel* (1956) 139 Cal.App.2d 333, 341 [293 P.2d 488].) "Where, however, negligence on the part of a doctor is demonstrated by facts which can be evaluated by resort to common knowledge, expert testimony is not required since scientific enlightenment is not essential for the determination of an obvious fact." (*Lawless* v. *Calaway, supra*, 24 Cal.2d at p. 86.) This application of the doctrine of res ipsa loquitur is illustrated by cases in which the patient has received an injury to a part of the body unrelated to the part being treated. (See *Ybarra* v. *Spangard* (1944) 25 Cal.2d 486, 487-489 [154 P.2d 687, 162 A.L.R. 1258] (shoulder injury during appendectomy); *Guilliams* v. *Hollywood Hospital* (1941) 18 Cal.2d 97, 99-100, 102 [114 P.2d 1] (broken rib in kidney operation).) Directly on point herein, it has been held that "[n]egligence of a chiropractor in failing to take due care to avoid injury to undiseased parts of his patient's body may be proven without resorting to expert testimony." (*Morrison* v. *Lane* (1935) 10 Cal.App.2d 634, 635 [52 P.2d 530].) In such cases "courts have found sufficient common knowledge and observation among laymen, regardless of expert testimony, to indicate 'that the consequences of the professional treatment were not such as ordinarily would have followed if due care had been exercised' so as to raise an in-

ference of negligence." (*Bardessono* v. *Michels* (1970) 3 Cal.3d 780, 789 [91 Cal.Rptr. 760, 478 P.2d 480, 45 A.L.R.3d 717].)

■ In considering a motion for nonsuit on plaintiff's opening statement, the court must accept as proved all of the facts counsel says he expects to prove and must indulge in all favorable inferences reasonably arising from those facts. (*Smith* v. *Roach, supra,* 53 Cal.App.3d 893, 897; *Cole* v. *State of California* (1970) 11 Cal.App.3d 671, 674 [90 Cal.Rptr. 74].) A nonsuit is warranted only when the court can conclude from such facts and inferences that there will be no evidence of sufficient substantiality to support a judgment in favor of the plaintiff. (*Willis* v. *Gordon* (1978) 20 Cal.3d 629, 633 [143 Cal.Rptr. 723, 574 P.2d 794]; *Timmsen* v. *Forest E. Olson, Inc.* (1970) 6 Cal.App.3d 860, 868 [86 Cal.Rptr. 359].) Whether a particular inference *can* be drawn from the evidence is a question of law, but whether the inference *shall* be drawn in a given case is a question of fact. (*Willis* v. *Gordon, supra,* 20 Cal.3d at p. 633.) In determining whether plaintiff was entitled to the benefit of the res ipsa loquitur doctrine, the evidence must be viewed in the light most favorable to him. (*Kerr* v. *Bock, supra,* 5 Cal.3d 321, 323-324.)

■ So viewed, the evidence outlined in plaintiff's opening statement shows that defendant, in manipulating plaintiff's upper back, applied such great force that plaintiff suffered a torn sternum cartilage and a fractured rib, as well as aggravation of a preexisting hernia. Such evidence would entitle the jury to draw an inference that plaintiff's injuries, sustained in parts of the body not being treated by defendant, were the result of defendant's negligence in administering the treatment. ■ "The conclusion that negligence is the most likely explanation of the accident, or injury, is not for the trial court to draw, or to refuse to draw so long as plaintiff has produced sufficient evidence to permit the jury to draw the inference of negligence even though the court itself would not draw that inference; the court must still leave the question to the jury where reasonable men may differ as to the balance of probabilities [citation]. The inference of negligence is not required to be an exclusive or compelling one. It is enough that the court cannot say that reasonable men could not draw it. [Citation.] The existence of the conditions upon which the operation of the doctrine [of res ipsa loquitur] is to be predicated is a question of fact and the right of the jury to find those facts must be carefully preserved [citations]." (*Seneris* v. *Haas* (1955) 45 Cal.2d 811, 827 [291 P.2d 915].)

■  We conclude that the trial court erred in entering judgment of nonsuit based on plaintiff's opening statement.

The judgment is reversed.

Spencer, P. J., and Hanson (Thaxton), J., concurred.