**THE METHODIST HOSPITALS, INC., Appellant,**

v.

**Nikita L. JOHNSON and Deshay White, Infant, by his Next Friend, Nikita L. Johnson, Appellees.**

No. 45A05–0510–CV–593.

Court of Appeals of Indiana.

Oct. 2, 2006.

Publication Ordered Nov. 8, 2006.

Peter C. Bomberger, Douglas K. Walker, Blackmun Bomberger Tyler & Walker, Highland, for Appellant.

Robert L. Lewis, Esq., Robert L. Lewis & Associates, Gary, for Appellees.

## OPINION

FRIEDLANDER, Judge.

D.W., by his next friend, Nikita L. Johnson, (D.W.) filed a complaint against The Methodist Hospitals, Inc., Northlake Campus (Methodist),[1] alleging negligence. Thereafter, Methodist filed two motions for summary judgment, which the trial court denied. Methodist appeals the trial court's denial of summary judgment, and raises the following dispositive issue: Did the trial court err in denying its second motion for summary judgment?

We reverse and remand.

D.W. was born at Methodist on June 11, 1998. That day, an IV was administered into D.W.'s right forearm. Between June 11 and June 17, the IV was successively relocated to D.W.'s left hand, right forearm, left foot, right forearm, and right foot. The IV was moved on each occasion because the site of entry exhibited puffiness, leaking, or was otherwise questionable. At 8:00 p.m. on June 17, D.W.'s right foot exhibited puffiness and was infiltrated[2] at the site of the IV. The IV was

---

1. D.W.'s complaint also named Brenda Thompson, M.D., Bangalore Suresh, M.D., Karin Forshell, M.D., Neil Watkins, M.D., Cholemari Sridhar, M.D., David Miles, Methodist's nurses treating D.W., "and any unknown Agency and/or Medical Association Certified for Intravenous Therapy ...." *Appellant's Appendix* at 4. None of those parties, however, take part in this appeal.

2. In the medical context, an IV becomes "infiltrated" when it "cause[s] something (as a liquid) to enter by penetrating the interstices of[, *e.g.,*] tissue with a local anesthetic[.]" *Webster's Third New International Dictionary* 1159 (1986).

immediately shut off. D.W.'s physician[3] was notified and D.W.'s right foot was: (1) sterilized at the site of the IV; (2) bandaged with loose gauze; and (3) elevated on a blanket roll. Thereafter a plastic surgeon was consulted. Despite these ameliorative efforts, D.W.'s right foot had a 4x3 centimeter area of erythematous[4] skin, and by June 20 a yellow eschar had developed on D.W.'s right foot. D.W. also had second-degree burns on his right ankle. Thereafter, a debridement[5] and skin graft were performed.

D.W. presented a complaint to a medical review panel (the panel). The panel rendered its opinion unanimously in favor of Methodist. On January 17, 2003, D.W. filed a complaint against, among others, Methodist, alleging negligence. Methodist filed its first summary judgment motion on May 5, 2003, which the trial court denied. On October 8, 2004, Methodist filed a second summary judgment motion. On November 12, 2004, D.W. filed a motion to strike Methodist's summary judgment motion. The trial court denied D.W.'s motion to strike. On January 7, 2005, D.W. filed a motion to enlarge time, which the trial court granted. Eventually, D.W. filed a response to Methodist's second summary judgment motion on March 9, 2005. Following a hearing, the trial court denied Methodist's second summary judgment

motion on April 5, 2005. Methodist now brings the instant interlocutory appeal.

Methodist contends the trial court erred in denying its second motion for summary judgment.[6] Methodist argues that, in denying its second motion for summary judgment, the trial court erred by applying the " 'common knowledge exception' rooted in *res ipsa loquitor* [sic]."[7] *Appellant's Brief* at 10. Summary judgment is appropriate only where there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Ford Motor Co. v. Rushford,* 845 N.E.2d 197 (Ind.Ct.App.2006); Ind. Trial Rule 56(c). All facts and reasonable inferences drawn therefrom are construed in favor of the nonmoving party. *Ford Motor Co. v. Rushford,* 845 N.E.2d 197. Our review of a motion for summary judgment is limited to those materials designated to the trial court. *Id.*

As noted above, D.W.'s complaint asserted Methodist negligently provided D.W. medical care. Medical malpractice claims do not differ from other kinds of negligence actions regarding the elements a plaintiff must prove. *Hassan v. Begley,* 836 N.E.2d 303 (Ind.Ct.App.2005). That is, a plaintiff in a medical malpractice action must prove: (1) the defendant owed the plaintiff a duty of care; (2) the defendant breached its duty by allowing its con-

---

3. The physician's name is unclear from the record. The medical reports in the record indicate at least two physicians attended to D.W. For purposes of this appeal, however, the identity of the physician is immaterial.

4. "Erythema" is "abnormal redness of the skin due to capillary congestion[.]" *Webster's Third New International Dictionary* 772 (1986).

5. "Debridement" is the "removal of lacerated, devitalized, or contaminated tissue[.]" *Webster's Third New International Dictionary* 582 (1986).

6. Methodist also contends the trial court erred by denying its first summary judgment motion. D.W. responds by asserting that Methodist has waived this issue on appeal because it failed to timely appeal the trial court's order. We need not address this issue, however, because we reverse on other grounds.

7. Methodist further contends the trial court erred in considering D.W.'s response to its summary judgment motion because it was not timely filed. We need not address this issue in light of our discussion below.

duct to fall below the applicable standard of care; and (3) a compensable injury proximately caused by the defendant's breach of duty. *Id.*

■ Methodist contends there is no genuine issue of material fact because D.W. did not present expert testimony to rebut the panel's unanimous opinion in its favor. A unanimous opinion of a medical review panel finding the defendant did not breach the applicable standard of care is ordinarily sufficient to negate the existence of a genuine issue of material fact entitling the defendant to summary judgment. *Syfu v. Quinn,* 826 N.E.2d 699 (Ind.Ct.App.2005). In support of its second summary judgment motion, Methodist submitted the panel's unanimous opinion that stated "[t]he evidence does not support the conclusion that the defendant[ ] [Methodist] . . . failed to meet the applicable standard of care as charged in the complaint." *Appellant's Appendix* at 48. D.W. did not rebut the panel's opinion with expert testimony. Rather, D.W. asserted the "common knowledge" exception to expert testimony is applicable in this case. Methodist, conversely, contends this exception is inapplicable.

■ To establish the applicable standard of care and a breach of that standard in a medical malpractice case, a plaintiff generally must present expert testimony. *Syfu v. Quinn,* 826 N.E.2d 699. Expert testimony is not required, however, when the fact-finder can understand that a defendant's conduct fell below the applicable standard of care without technical input from an expert witness. *Id.* Cases that do not require expert testimony are those that fit within the "common knowledge" or *res ipsa loquitur* exception. *Id.* Pursuant to the doctrine of *res ipsa loquitur,* negligence may be inferred where: (1) the injuring instrumentality is shown to be under the management or exclusive control of the defendant or his servants; and (2) the accident is such as in the ordinary course of things does not happen if those who have management of the injuring instrumentality use proper care. *Id.* In the instant case, we are concerned only with the second requirement.

■ In the medical malpractice context, application of this exception is limited to situations in which the defendant's conduct is so obviously substandard that a jury need not possess medical expertise in order to recognize the defendant's breach of the applicable standard of care. *Id.* Such negligent actions typically arise when physicians leave foreign objects in a patient's body because a jury can understand without independent explanation that the object should have been removed. *Id.* Other medical malpractice actions have also been sent to the jury without the aid of expert testimony. *See, e.g., Gold v. Ishak,* 720 N.E.2d 1175 (Ind.Ct.App.1999) (expert testimony not required because fire occurring during surgery near an instrument that emits a spark was used in proximity to a source of oxygen), *trans. denied; Stumph v. Foster,* 524 N.E.2d 812 (Ind.Ct.App. 1988) (expert testimony unnecessary to conclude a chiropractor negligently broke his patient's rib during treatment for migraine headaches).

■ In the instant case, D.W. weighed four pounds at birth and physicians determined it was necessary to administer an IV. Methodist included the affidavit of Jamie Harrison, R.N., in its designated evidence. Harrison's affidavit, which was not rebutted by D.W., stated, in relevant part:

4.  [Harrison has] administered numerous peripheral IV's on newborns and infants over the past seventeen years.

5. [Harrison has] personally been involved with several IV infiltrations.

6. [Harrison] [ ] reviewed relevant portions of [D.W.'s] medical chart, ... and [she saw] no evidence of any breach of the standard of care by any health care provider.

7. The hospital nurses appropriately monitored the IV site, promptly notified the physicians regarding any IV access problems, carried out the physician's orders, promptly restarted the IV line in a different extremity when indicated, and appropriately documented the events in the medical chart.

8. IV infiltration is a common complication of intravenous therapy and *can occur despite due care and precaution being taken* by the health care provider.

9. The risks of IV infiltration are typically higher for infants and pediatric patients.

*Appellant's Appendix* at 65 (emphasis supplied). Uncontested evidence shows that Methodist's physicians and nurses recognized the complications with D.W.'s IV, made efforts to relocate the IV when puffiness, leaking, and other complications occurred, and discontinued the IV when complications arose at the site of administration in D.W.'s right foot. The physicians' and nurses' conduct and the medical reasons giving rise to infiltration, eschars, and second-degree burns are matters not within the realm of a layperson's knowledge and, thus, require expert testimony. We decline, therefore, to extend the "common knowledge" exception to the facts of this case.

In light of the panel's unanimous decision, Harrison's affidavit, and D.W.'s failure to rebut Methodist's designated evidence with its own expert testimony, D.W. has not established the second element of the *res ipsa loquitur* doctrine, nor has he established a genuine issue of material fact regarding its application in the instant case. The trial court, therefore, erred in denying Methodist's second motion for summary judgment.

Judgment reversed and remanded.

BARNES, J., and MATHIAS, J., concur.

## ORDER

On October 2, 2006, the Court handed down its opinion in this appeal marked Memorandum Decision, Not for Publication. The Appellant, by counsel, filed a Petition to Publish Memorandum Decision.

Having reviewed the matter, the Court FINDS AND ORDERS AS FOLLOWS:

(1) Appellant's Petition to Publish Memorandum Decision is GRANTED, and this Court's opinion handed down in this cause on October 2, 2006, marked Memorandum Decision, Not for Publication, is now ORDERED PUBLISHED.

FRIEDLANDER, MATHIAS, BARNES, J.J., concur.