**H. SLEASE, C.S.T.; L. Trimble, R.N.; V. Litten, R.N., and Porter Memorial Hospital, Appellants–Defendants,**

v.

**William N. HUGHBANKS, Appellee–Plaintiff.**

**No. 45A03–9611–CV–407.**

Court of Appeals of Indiana.

May 5, 1997.

---

Kisti Good Risse, Spangler Jennings & Dougherty, Merrillville, for Appellants–Defendants.

## OPINION

STATON, Judge.

In this interlocutory appeal, H. Slease, C.S.T.; L. Trimble, R.N.; V. Litten, R.N.; and Porter Memorial Hospital (collectively "Porter Memorial") appeal the trial court's denial of their motion for summary judgment against William N. Hughbanks. Porter Memorial presents the following issue for our review: Whether the trial court erred by denying its motion for summary judgment.

We reverse and remand.

The facts most favorable to Hughbanks, the non-movant, indicate that he worked for Bethlehem Steel. While at work on July 7, 1992, he fell approximately ten to twelve feet, landing on a beam. He suffered injuries to his ankle and back during the fall. Hughbanks was transported to Porter Memorial Hospital where he underwent surgery for his broken ankle. The next evening, a nurse noticed a burn on Hughbanks' left thigh which she attributed to his fall. Hughbanks noticed the burn himself the following day and believed that it occurred during the surgery on his ankle.

Hughbanks filed a complaint against Porter Memorial alleging medical malpractice. The case was submitted to a medical review panel which issued a unanimous decision that none of the defendants failed to meet the appropriate standard of care. After receiving the panel's decision, Porter Memorial moved for summary judgment. The trial court denied its motion and certified the issue for interlocutory appeal.

■ Our standard for reviewing summary judgment is well-settled. Summary judg-

ment is appropriate only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). The burden is on the moving party to prove there are no genuine issues of material fact and he is entitled to judgment as a matter of law. Once the movant has sustained this burden, the opponent must respond by setting forth specific facts showing a genuine issue for trial; he may not simply rest on the allegations of his pleadings. *Stephenson v. Ledbetter*, 596 N.E.2d 1369, 1371 (Ind.1992). At the time of filing the motion or response, a party shall designate to the court all parts of pleadings, depositions, answers to interrogatories, admissions, matters of judicial notice, and any other matters on which it relies for purposes of the motion.[1] T.R. 56(C).

When reviewing an entry of summary judgment, we stand in the shoes of the trial court. We do not weigh the evidence but will consider the facts in the light most favorable to the nonmoving party. *Reed v. Luzny*, 627 N.E.2d 1362, 1363 (Ind.Ct.App.1994), *reh. denied, trans. denied.* We may sustain a summary judgment upon any theory supported by the designated materials. T.R. 56(C).

■ Medical malpractice actions are similar to other negligence actions. The plaintiff must prove that the defendant owed him a duty and the defendant breached that duty which proximately caused an injury to the plaintiff. *Widmeyer v. Faulk*, 612 N.E.2d 1119, 1121–22 (Ind.Ct.App.1993). Physicians are not held to a duty of perfect care. Instead, the doctor must exercise the degree of skill and care ordinarily possessed and exercised by a reasonably skillful and

---

1. Porter Memorial also argues that Hughbanks failed to properly designate the specific evidence upon which he relied in opposing the motion for summary judgment. Instead, Hughbanks designated the entire complaint and all of his medical records. That did not satisfy the requirements of T.R. 56. *Plummer v. Bd. of Commr's of St. Joseph County*, 653 N.E.2d 519, 522 (Ind.Ct.App. 1995), *trans. denied.* However, Hughbanks did cite to specific pages of the medical records in his memorandum of law. Although Hughbanks should have designated the specific portions of the medical records in his separate designation of evidence, the citation to specific pages in the memorandum is sufficient to meet the require-

ments of T.R. 56. *Id.* Thus, we will only consider the portions of the medical records specifically designated in the memorandum.

Porter Memorial also directs our attention to "facts" contained in Hughbanks' memorandum which have no support in the designated evidence. These "facts" include statements by Mr. Hughbanks' girlfriend concerning the cause of the burn. These statements are not found anywhere in the designated evidence and, thus, should not be considered in determining whether a genuine issue of material fact exists or whether Porter Memorial is entitled to judgment as a matter of law.

careful practitioner under same or similar circumstances. *Id.* at 1122. To establish the applicable standard of care and to show a breach of that standard, a plaintiff generally must present expert testimony. *Id.*

■ When the medical review panel issues a unanimous opinion that no negligence occurred, that is usually enough to show that there is no genuine issue of any material fact and to entitle the doctor to summary judgment. *Simmons v. Egwu,* 662 N.E.2d 657, 658 (Ind.Ct.App.1996), *trans. denied.* To successfully oppose summary judgment, the patient must present expert testimony to show that there is a dispute concerning whether the doctor breached the applicable duty of care. In the absence of this testimony, there is no genuine issue of material fact. *Stackhouse v. Scanlon,* 576 N.E.2d 635, 639 (Ind.Ct.App.1991), *trans. denied.*

■ There are two exceptions to the requirement of expert testimony. The first is the common knowledge exception. When the jury can understand the conduct and breach of duty without technical explanation, expert testimony is not necessary. *Widmeyer, supra,* at 1123. However, this exception typically has been limited to cases where a foreign object has been left in the body after surgery because that is obviously not an intended result of the surgery. *Id.* When the question before the jury involves the use of sophisticated medical tools and techniques, expert testimony is necessary to explain the proper use of the tools and techniques. *Id.*

■ Here, Hughbanks argues that a jury does not need technical expertise to know that a patient should not sustain a burn during ankle surgery.[2] However, the question is more complex than Hughbanks suggests. The true question is whether the burn was caused by an instrument or technique used during the surgery and whether the instrument or technique was misused or whether burns are a common and expected result. A jury cannot understand the proper tools and techniques to be used during surgery without the assistance of expert testimony. *Id.* Thus, this case does not fall within the common knowledge exception.[3]

■ Another exception exists when a plaintiff is proceeding under the theory of *res ipsa loquitur.* *Res ipsa loquitur* is a rule of evidence which allows an inference of negligence to be drawn from the facts surrounding the injury. *Vogler v. Dominguez,* 624 N.E.2d 56, 61 (Ind.Ct.App.1993), *reh. denied, trans. denied.* Under *res ipsa loquitur,* a plaintiff must show (1) that the injury is one which does not ordinarily occur in the absence of negligence; (2) the injury was caused by an instrumentality over which the defendant had exclusive control; and (3) the injury was not due to any voluntary act of the plaintiff. *Widmeyer, supra,* at 1124.

■ In showing that the defendant had exclusive control over the instrumentality which caused the injury, the focus is not on actual physical control. Rather, the focus is on the right of control and the opportunity to exercise control. *Vogler, supra,* at 61. To prove control, the plaintiff is not required to eliminate all other possible causes of the injury. Instead, the plaintiff is simply required to show either that a specific instrument caused the injury and that the defendant had control over that instrument *or* that any reasonably probable causes for the injury were under the control of the defendant. *Id.* at 62. Thus, a plaintiff can point to several alternative causes of the injury and allow the jury to determine which, if any, instrumentality caused the injury. *Id.* However, if the plaintiff cannot specifically identify any potential causes and show that they were within the exclusive control of the defendant, his *res ipsa loquitur* claim must fail. *Brinegar v. Robertson Corp.,* 550 N.E.2d 812, 817 (Ind.Ct.App.1990), *trans. denied.*

---

**2.** We note that Hughbanks failed to timely file a brief in this appeal. The arguments addressed by Porter Memorial in its brief and by this court are those made by Hughbanks during the summary judgment proceedings.

**3.** We also note that in all of the cases involving the attempted use of the common knowledge exception, the plaintiff was able to point to the instrument or technique which probably caused the injury. Hughbanks has not even identified the cause of his burns.

Turning to the facts of this case, Hughbanks presented no evidence concerning possible causes of the burn. Although he points to a "bovie pad" used during the surgery as a potential cause of his burn, there is nothing in the designated evidence to show that this instrument has the potential to cause a burn such as he received. At a minimum, Hughbanks was required to point to an instrument in the control of the defendant which was a probable cause of his burn. *Vogler, supra,* at 62. Because Hughbanks failed to present any evidence concerning this cause, he failed to sustain his burden of showing that a genuine issue of material fact existed; thus precluding summary judgment. *Stephenson, supra,* at 1371. Accordingly, we conclude that the trial court should have granted Porter Memorial's motion for summary judgment. We reverse the decision of the trial court and remand this case for entry of summary judgment in favor of H. Slease, C.S.T.; L. Trimble, R.N.; V. Litten, R.N.; and Porter Memorial Hospital.

Reversed and remanded.

GARRARD and ROBERTSON, JJ., concur.