Audrey A. NARDUCCI, M.D., and Sisters of the Little Company of Mary, Inc., d/b/a Memorial Hospital and Health Care Center, Appellants–Defendants,

v.

Dale TEDROW, Appellee–Plaintiff.

No. 19A04–0006–CV–230.

Court of Appeals of Indiana.

Oct. 30, 2000.

Danny E. Glass, Fine & Hatfield, Evansville, Indiana, Attorney for Appellant Audrey A. Narducci, M.D.

L. Alan Whaley, Sean T. Devenney, Ice Miller, Indianapolis, Indiana, Attorneys for Appellant Sisters of the Little Company of Mary, Inc.

Joseph L. Verkamp, Jasper, Indiana, Attorney for Appellee.

## OPINION

BAKER, Judge

Appellants–defendants Dr. Audrey A. Narducci and Memorial Hospital and Health Care Center (the hospital), appeal the trial court's denial of their motions for summary judgment. Specifically, they contend that the trial court erred in concluding that the doctrines of "res ipsa loquitur" and "common knowledge" apply to the plaintiff-appellee, Dale Tedrow's, medical malpractice claim against Dr. Narducci and the hospital. Thus, they contend that Tedrow should have been required to present expert testimony regarding the requisite standard of care in order to establish negligence.

### FACTS[1]

Dr. Narducci is a medical doctor licensed to practice medicine in the State of Indiana and a board certified specialist in general surgery. She currently maintains a general surgery practice in Jasper, Indiana. On January 30, 1996, Dr. Narducci performed a procedure on Tedrow that revealed a tumor of the colon. A subsequent biopsy of the tumor revealed that it was cancerous, and, therefore, Dr. Narducci scheduled Tedrow for colon surgery.

Prior to the surgery on February 5, 1996, Tedrow signed a consent form that provided, in part, "I hereby authorize Dr. Narducci to perform the following procedure/operation: Sigmoidectomy, and such additional operations/procedures as are considered necessary by the doctor on the basis of findings during the course of treatment, procedure, and/or operation." Record at 97. During the surgical procedure, the attending anesthesiologist experienced some difficulty in positioning the neo-gastric tube and made several attempts before the tube was positioned and functioning correctly. As Dr. Narducci was working in the left abdomen, she noticed bleeding coming from above where she was working. Upon investigation, she discovered that the source of the bleeding was a "tear" in Tedrow's spleen. After efforts to stop the bleeding proved unsuccessful, Dr. Narducci was forced to remove Tedrow's spleen. Following the surgery, Dr. Narducci informed Tedrow that during the course of surgery his spleen had been "accidentally nicked" and had to be removed. R. at 119.

On February 4, 1998, Tedrow filed a cause of action against Dr. Narducci and the hospital, alleging medical malpractice in connection with the surgery Dr. Narducci performed on him. Specifically, Tedrow claimed that his spleen was "lacerated" and had to be removed during colon surgery as the result of the negligence of Dr. Narducci and unknown employees of the hospital who assisted in the surgery. R. at 17. Tedrow filed the action in the trial court without first presenting his proposed complaint to the Indiana Department of Insurance.[2] On February 5, 1998, Tedrow rectified his error by filing an amended complaint wherein he requested damages in the amount of $15,000 or less,

---

1. This court heard oral argument in this cause on October 10, 2000, at Vincennes University.

2. IND.CODE § 34–18–8–4 provides that before a medical malpractice claim may be commenced in court in Indiana, the claimant must present his or her proposed complaint to a medical review panel.

thereby avoiding the necessity of prior filing with the Department of Insurance.[3]

Dr. Narducci filed a motion for summary judgment on January 18, 1999, and the hospital filed a motion for summary judgment on March 1, 1999. In their motions, they claimed that they were entitled to judgment as a matter of law because Tedrow had failed to set forth any expert testimony establishing the appropriate standard of care for a general surgeon, and had failed to establish that Dr. Narducci's conduct had fallen below that standard when she performed the colon surgery.

In support of her motion, Dr. Narducci provided the affidavit of Dr. Hoover, a medical doctor licensed to practice medicine in Indiana and board certified in the speciality of general surgery, who testified that he was familiar with the requisite standard of care for general surgeons, and that Dr. Narducci had not breached that standard when she operated on Tedrow. Specifically, Dr. Hoover testified that "due to the nature of the spleen and its location, when surgery of the sort at issue here is done, bleeding can occur because of unavoidable trauma or even for no apparent reason. When this bleeding occurs, it is most commonly in spite of the efforts of a careful and skilled surgeon and not because of the negligence of that surgeon." R. at 187.

The trial court heard oral argument on Dr. Narducci's motion on March 18, 1999. Thereafter, on April 29, 1999, the trial court denied Dr. Narducci's motion for summary judgment. Specifically, the trial court found that the doctrines of "res ipsa loquitur" and "common knowledge" applied to Tedrow's claims against Dr. Narducci, and, thus, Tedrow was not required to present expert testimony regarding the requisite standard of care in order to establish negligence on the part of Dr. Narducci. Because the issues presented in Dr. Narducci's summary judgment motion were essentially the same as those presented in the hospital's motion, on May 4, 1999, the hospital withdrew its motion for summary judgment.

On November 16, 1999, Dr. Narducci renewed her motion for summary judgment, and the hospital renewed its motion for summary judgment on December 17, 1999. On April 12, 2000, the trial court denied Dr. Narducci's renewed motion for summary judgment on the same basis as the original motion. The trial court granted the hospital's motion in part and denied it in part. Specifically, the trial court found that the hospital was not vicariously liable for the actions of Dr. Narducci under the doctrine of "respondeat superior," but that the hospital remained liable under the theory of "res ipsa loquitur" as to any employees who were present or participated in the surgery on Tedrow.[4] Dr. Narducci and the hospital now appeal.

## DISCUSSION AND DECISION

### I. Standard of Review

■ In reviewing the denial of a motion for summary judgment, this court applies the same standard as the trial court. *USA Life One Ins. Co. v. Nuckolls,* 682 N.E.2d 534, 537 (Ind.1997). We do not weigh the evidence designated by the parties. Instead, we liberally construe the evidence in the light most favorable to the non-moving party. *Id.* Summary judgment is appropriate only if the pleadings and evidence show both the absence of a genuine issue of material fact and that the moving party

3. I.C. § 34-18-8-6 provides, in part, that "a patient may commence an action against a health care provider without submitting a proposed complaint to a medical review panel if the patient's pleading includes a declaration that the patient seeks damages from the health care provider in an amount not greater than fifteen thousand dollars ($15,000)."

4. The trial court also concluded that the hospital had no obligation to obtain consent to the medical treatment from Tedrow. R. at 261–62.

is entitled to judgment as a matter of law. Ind. Trial Rule 56(C); *Butler v. City of Indianapolis,* 668 N.E.2d 1227, 1228 (Ind. 1996). Where material facts conflict, or undisputed facts lead to conflicting material inferences, summary judgment is inappropriate. *Id.*

## II. Dr. Narducci's and the Hospital's Claim

Dr. Narducci and the hospital contend that the trial court erred in applying the doctrine of "res ipsa loquitur" and the "common knowledge" exceptions to the requirement of expert evidence in this case. Specifically, they claim that application of "res ipsa loquitur" is improper because the uncontradicted expert testimony is that a patient's spleen can accidentally be injured during colon surgery absent any negligence on the part of the surgeon. Dr. Narducci and the hospital also claim that the "common knowledge" exception should not apply because the determination of whether Dr. Narducci complied with the requisite standard of care during the colon surgery requires the education, training, and experience of a surgeon and is beyond the common knowledge of a layperson.

 In addressing Dr. Narducci and the hospital's contention that the doctrines of "res ipsa loquitur" and "common knowledge" do not apply to Tedrow's claims against them, we initially observe that medical malpractice actions are similar to other negligence actions. *Slease v. Hughbanks,* 684 N.E.2d 496, 498 (Ind.Ct.App. 1997). Generally, the mere fact that an injury occurred will not give rise to a presumption of negligence. *Baker v. Coca Cola Bottling Works,* 132 Ind.App. 390, 394, 177 N.E.2d 759, 762 (1961). The plaintiff must prove that the defendant owed him a duty and that the defendant breached that duty, which proximately caused an injury to the plaintiff. *Slease,* 684 N.E.2d at 498. Physicians are not held to a duty of perfect care. *Id.* Instead, the doctor must exercise the degree of skill and care ordinarily possessed and

exercised by a reasonably skillful and careful practitioner under the same or similar circumstances. *Id.* at 498–99. To establish the applicable standard of care and to show a breach of that standard, a plaintiff must generally present expert testimony. *Id.* at 499. Because medicine is an inexact science, an inference of negligence will not arise simply because there is a bad result without proof of some negligent act. *Carpenter v. Campbell,* 149 Ind.App. 189, 194, 271 N.E.2d 163, 166 (1971). However, the doctrine of res ipsa loquitur is a qualified exception to the general rule that the mere fact of injury will not create an inference of negligence. *Baker,* 132 Ind.App. at 394, 177 N.E.2d at 762.

 Res ipsa loquitur literally means "the thing speaks for itself." *Id.* at 394, 177 N.E.2d at 761. Consequently, the facts or circumstances accompanying an injury may be such as to raise a presumption, or at least permit an inference, of negligence on the part of the defendant. *Id.* The doctrine of res ipsa loquitur is a rule of evidence which allows an inference of negligence to be drawn from certain surrounding facts. *Vogler v. Dominguez,* 624 N.E.2d 56, 61 (Ind.Ct.App.1993), *trans. denied.* Application of the doctrine does not in any way depend on the standard of care imposed by law but, rather, depends entirely upon the nature of the occurrence out of which the injury arose. *Id.* Whether the doctrine applies in any given negligence case is a mixed question of law and fact. *Id.* The question of law is whether the plaintiff's evidence included all of the underlying elements of res ipsa loquitur. *Shull v. B.F. Goodrich Co.,* 477 N.E.2d 924, 928 (Ind.Ct.App.1985), *trans. denied.* Specifically, this court has held that:

> Under the doctrine of res ipsa loquitur, negligence may be inferred where 1) the injuring instrumentality is shown to be under the management or exclusive control of the defendant or his servants, and 2) the accident is such as in the ordinary course of things does not happen if those

who have management of the injuring instrumentality use proper care.

*Vogler,* 624 N.E.2d at 61. A plaintiff relying on res ipsa loquitur may establish the second prong, and show that the event or occurrence was more probably the result of negligence, by relying upon common knowledge or expert testimony. *Id.* Expert testimony is required only when the issue of care is beyond the realm of the lay person. *Stumph v. Foster,* 524 N.E.2d 812, 815 (Ind.Ct.App.1988). In other words, the standard of care need not be established by expert opinion when the doctor's conduct was understandable by the jury without extensive technical input. *Id.*

■ The "common knowledge" exception to the general rule that the standard of care required of a doctor must be established by expert testimony, is applicable in select situations. *Malooley v. McIntyre,* 597 N.E.2d 314, 318 (Ind.Ct.App.1992). Specifically, this exception will apply where "the complained-of conduct is so obviously substandard that one need not possess medical expertise in order to recognize the breach" of the applicable standard of care, *Id.* at 319. It also applies where the doctor's conduct is understandable without extensive technical input. *Stumph,* 524 N.E.2d at 815. Otherwise, expert opinion is required "when the question involves the delicate inter-relationship between a particular medical procedure and the causative effect of that procedure upon a given patient's structure, endurance, biological make-up, and pathology." *Malooley,* 597 N.E.2d at 319.

Here, there is no dispute that the first prong of the res ipsa loquitur doctrine is satisfied, as Tedrow's spleen was perforated in a setting under the exclusive control of Dr. Narducci and those hospital employees who assisted in the surgery. The issue, therefore, is whether the second prong of the doctrine is satisfied; specifically, whether the accident would ordinarily not have occurred if Dr. Narducci and the hospital had used proper care.

■ The undisputed expert testimony is that Dr. Narducci and the hospital "met the standard of care [in their] treatment of Mr. Tedrow." R. at 204–05. According to Dr. Michael B. Hoover, "[i]t is medically incorrect to conclude that the patient's bleeding, regardless of cause, would not have occurred absent negligence. . . . In fact, due to the nature of the spleen and its location, when surgery of the sort at issue here is performed, bleeding can occur because of unavoidable trauma [regardless of the] utmost care by all health care providers involved." R. at 204–05. Despite this testimony, Tedrow asserts that the "common knowledge" exception applies to satisfy the second prong of the doctrine because it is within the cognitive abilities of a layperson to conclude that removal of one's spleen is not the natural or usual outcome of colon surgery. Indeed, at oral argument, counsel for Tedrow asked this court to follow the lead of Illinois and establish the rule that whenever a medical procedure results in an unexpected outcome, the doctrine of res ipsa loquitur and the common knowledge exception are applicable.[5]

Under the facts of this case, it is not apparent that a fact-finder possesses the knowledge and expertise necessary to render an informed decision on the issue of negligence. Specifically, the determina-

---

5. Specifically, counsel cited Illinois statute, 735 ILL. COMP. STAT. 5/2–1113 (2000). This statute provides:

In all cases of alleged medical or dental malpractice, where the plaintiff relies upon the doctrine of res ipsa loquitur, the court shall determine whether the doctrine applies. In making that determination, the court shall rely upon either the common knowledge of laymen, if it determines that to be adequate, or upon expert medical testimony, that the medical result complained of would not have ordinarily occurred in the absence of negligence on the part of the defendant. *Proof of an* unusual, *unexpected,* or untoward *medical result* which ordinary does not occur in the absence of negligence *will suffice in the application of the doctrine.* (emphasis supplied).

tion of whether Dr. Narducci and the hospital met the relevant standard of care in its treatment of Tedrow requires some understanding of the procedures involved in colon surgery, the location in the body of the various organs at issue, and the nature of the spleen. Simply put, such information is beyond the "common knowledge" of laypersons. Thus, we decline to adopt the rule proposed by Tedrow, as we are not prepared to find as a matter of law that Tedrow's spleen would not have been perforated but for negligence, particularly in light of Dr. Hoover's testimony to the contrary.

The judgment is reversed, and this cause is remanded with instructions to enter summary judgment for Dr. Narducci and the hospital.

Reversed and remanded.

NAJAM, J., and BAILEY, J., concur.