## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 26 2018, 8:35 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANTS

A. David Hutson
HUTSON LEGAL
Jeffersonville, Indiana

ATTORNEYS FOR APPELLEE

Clay A. Edwards
Rachel K. Dalton
O'BRYAN, BROWN & TONER, PLLC
Louisville, Kentucky

# IN THE
# COURT OF APPEALS OF INDIANA

April L. Tipton, et al.,

*Appellants-Plaintiffs,*

v.

Physicians Medical Center, LLC,

*Appellee-Defendant.*

December 26, 2018

Court of Appeals Case No.
18A-PL-1749

Appeal from the Floyd Circuit Court

The Honorable Maria D. Granger, Special Judge

Trial Court Cause No.
22C01-1801-PL-128

**Bailey, Judge.**

# Case Summary

[1]     April L. Tipton ("April") and Maurice A. Tipton (collectively, the "Tiptons") filed a lawsuit alleging that Physicians Medical Center, LLC ("Provider") committed medical malpractice. The Tiptons now appeal the grant of summary judgment in favor of Provider, arguing only that Provider failed to properly authenticate certain designated evidence. We affirm.

# Facts and Procedural History

[2]     In 2017, the Tiptons filed a Proposed Complaint for Damages with the Indiana Department of Insurance, alleging that Provider—and others—had committed medical malpractice in treating April, and that the Tiptons had been injured as a result. During the pendency of that proceeding, the Tiptons filed a lawsuit in Floyd County as *pro-se* litigants. They sued only Provider and made the same allegations of medical malpractice, alleging that April sustained a spinal injury as a result of a medical procedure. The trial court held the lawsuit in abeyance pending the issuance of an opinion by the Medical Review Panel (the "Panel").

[3]     On May 15, 2018, the Panel issued a unanimous opinion that the defendants had complied with the applicable standard of care. Provider then moved for summary judgment in the Floyd County action, designating the opinion. The Tiptons moved to dismiss Provider's motion for summary judgment. They asserted—*inter alia*—that the opinion of the Panel "was irrelevant because the Panel was not allowed to see but a minor part of [the] claim" and that "[a]ll

evidence can and will be a part of [the] case in state court." Appellants' App. Vol. 2 at 51. The Tiptons also asserted that "Summary Judgment is proper only when the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits have been submitted. . . . This case has had no pleadings, no depositions, no answers to interrogatories, no admissions and or [*sic*] affidavits. Discovery in this case is just beginning." *Id.*

[4] On June 8, 2018, the trial court entered an order treating the Tiptons' motion as a request for additional time to respond to Provider's motion for summary judgment. The court observed that the request was "not supported by affidavit and, therefore, [did] not comply with Indiana Trial Rule 56(F)." *Id.* at 57. The court ordered "that Plaintiffs shall file a timely response to Defendant['s] motion for summary judgment that complies with Indiana Trial Rule 56, or else summary judgment will likely be granted in Defendant's favor." *Id.*

[5] On June 13, 2018, the Tiptons filed a cross-motion for summary judgment alleging that the doctrine of *res ipsa loquitur* "makes a prima facie case." *Id.* at 59. In support of their motion, the Tiptons designated certain medical records, discharge instructions, and insurance claims. The Tiptons did not designate the opinion of the Panel or any other expert medical opinion. Rather, the Tiptons again asserted that "the Panel's opinion is irrelevant to [their] claim." *Id.* at 60.

[6] On June 27, 2018, the trial court entered an order granting Provider's motion for summary judgment. The Tiptons now appeal.

# Discussion and Decision

[7]     Summary judgment is appropriate only "if the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Ind. Trial Rule 56(C). We review *de novo* whether the trial court properly granted summary judgment, *Hughley v. State*, 15 N.E.3d 1000, 1003 (Ind. 2014). Moreover, "Indiana's distinctive summary judgment standard imposes a heavy factual burden on the movant to demonstrate the absence of any genuine issue of material fact on at least one element of the claim." *Siner v. Kindred Hosp. Ltd. P'ship*, 51 N.E.3d 1184, 1187 (Ind. 2016). Summary judgment is inappropriate if the movant fails to carry this burden. *Manley v. Sherer*, 992 N.E.2d 670, 673 (Ind. 2013). However, if the movant succeeds, the burden shifts to the non-moving party to designate contrary evidence demonstrating the existence of a genuine issue of material fact. *Id.* In conducting our review, we look only to the designated evidence, T.R. 56(H), and construe all factual inferences in favor of the party who did not seek summary judgment, *Manley*, 992 N.E.2d at 673.

[8]     To prevail on a claim of medical malpractice, the plaintiff must show: "(1) duty owed to plaintiff by defendant, (2) breach of duty by allowing conduct to fall below the applicable standard of care, and (3) compensable injury proximately caused by defendant's breach of duty." *Bader v. Johnson*, 732 N.E.2d 1212, 1217 (Ind. 2000). In moving for summary judgment, Provider focused on the element of breach, designating the unanimous opinion that it had complied with the applicable standard of care. "When the medical review panel issues a

unanimous opinion that no negligence occurred, that is usually enough to show that there is no genuine issue of any material fact and to entitle the [provider] to summary judgment." *Slease v. Hughbanks*, 684 N.E.2d 496, 499 (Ind. Ct. App. 1997); *see also Boston v. GYN, Ltd.*, 785 N.E.2d 1187, 1191 (Ind. Ct. App. 2003), *trans. denied*. The burden then shifts to the plaintiff, who "must present expert testimony to show that there is a dispute concerning whether the [provider] breached the applicable duty of care. In the absence of this testimony, there is no genuine issue of material fact." *Slease*, 684 N.E.2d at 499.

[9] The Tiptons assert that Provider failed to negate the element of breach—and so the burden never shifted—because Provider failed to properly authenticate the opinion of the Panel with an appropriate affidavit. According to the Tiptons, "[t]he trial court's judgment must be reversed because absent the panel opinion, which should not be considered, there is no basis for summary judgment." Br. of the Appellants at 11. Yet, assuming *arguendo* that the opinion was not properly authenticated, the Tiptons cannot present this challenge for the first time on appeal. *Jordan v. Deery*, 609 N.E.2d 1104, 1108 (Ind. 1993) (concluding that the appellants waived a similar challenge in a medical-malpractice action).

[10] The Tiptons anticipate the issue of waiver, asserting that they "objected to consideration of the panel opinion in their responses to [Provider's] motion for summary judgment." Br. of the Appellants at 12. They rely on these references to affidavits in their motion to dismiss: "Summary Judgment is proper only when the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits have been submitted. . . . This case has had no

pleadings, no depositions, no answers to interrogatories, no admissions and or [*sic*] affidavits. Discovery in this case is just beginning." Appellants' App. Vol. 2 at 51. The Tiptons also point out that, in their cross-motion, they argued "the panel opinion was irrelevant to their claim." Br. of the Appellants at 12.

[11] Yet, in their motion to dismiss, the Tiptons focused on the amount of discovery that had been conducted—referring to several types of discovery tools—and they made no attempt to clarify or renew those arguments after the trial court treated their motion as seeking additional time to respond. Further, in that initial motion, the Tiptons did not argue that the opinion was "irrelevant" because it could not be considered. Rather, they argued about the amount of evidence that was before the Panel, asserting that "[a]ll evidence can and will be a part of [the] case in state court." Appellants' App. Vol. 2 at 50. Moreover, in support of their subsequent cross-motion for summary judgment, the Tiptons mentioned relevance but failed to articulate a specific evidentiary challenge.

[12] The Tiptons point out that they were *pro-se* litigants who "walked into what would be, under the best of circumstances, a minefield." Br. of the Appellants at 13. Yet, their status as *pro-se* litigants has no bearing on the preservation of appellate issues. *See, e.g.*, *Zavodnik v. Harper*, 17 N.E.3d 259, 266 (Ind. 2014) ("[A] pro se litigant is held to the same standards as a trained attorney and is afforded no inherent leniency simply by virtue of being self-represented.").

[13] We conclude that the Tiptons have waived their argument.

[14] Affirmed.

Bradford, J., and Brown, J., concur.