## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 10 2020, 6:04 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Joseph Banasiak
Highland, Indiana

ATTORNEYS FOR APPELLEE

Libby Yin Goodknight
Krieg DeVault LLP
Indianapolis, Indiana

Robert A. Anderson
Shannon L. Noder
Krieg DeVault LLP
Merrillville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Ralph Gabriel,

*Appellant-Plaintiff,*

v.

Franciscan Alliance, Inc. d/b/a Franciscan St. Anthony Crown Point,

*Appellee-Defendant.*

January 10, 2020

Court of Appeals Case No. 19A-CT-1487

Appeal from the Lake Superior Court

The Honorable John M. Sedia, Judge

Trial Court Cause No. 45D01-1809-CT-568

**Barnes, Senior Judge.**

# Statement of the Case

[1] Ralph Gabriel appeals the trial court's grant of summary judgment in favor of Franciscan Alliance, Inc. d/b/a Franciscan St. Anthony Crown Point ("Franciscan"). We affirm.

# Issue

[2] Gabriel raises one issue, which we restate as: whether the trial court erred in granting Franciscan's motion for summary judgment as to Gabriel's claim of medical malpractice.

# Facts and Procedural History

[3] On March 21, 2011, Gabriel arrived at Franciscan's hospital in Crown Point, Indiana. He was diagnosed with two fractures in his right leg, one of them severe, and a fracture to his left foot. Gabriel reportedly sustained the injuries after jumping out of a window. Doctors at Franciscan performed two surgeries, one on each of his legs, and they discharged him from the hospital on March 28.

[4] On June 13, 2011, a doctor removed a splint from Gabriel's right leg, and it "was okay then." Appellant's App. Vol. 2, p. 91. On June 22, Gabriel arrived at a Veteran's Administration hospital ("VA") in a wheelchair, with "open, swelling, draining wounds on right and left leg." *Id.* at 88. Emergency room staff noted that his right leg was "draining yellow fluid." *Id.* at 90. Testing revealed that Gabriel had a staph infection in his right leg, where Franciscan's

doctors had installed plates and screws to treat his injuries. The VA doctors performed surgery to treat the infection.

[5] On March 20, 2013, Gabriel filed a proposed civil complaint with the Indiana Department of Insurance. He alleged that his leg infection was caused by Franciscan's medical malpractice. The parties presented evidence to a medical review panel. On June 7, 2018, the panel issued a unanimous opinion, determining the evidence did not support a conclusion that Franciscan failed to meet the applicable standard of care while treating Gabriel.

[6] On August 29, 2018, Gabriel filed suit against Franciscan. Franciscan filed an answer and a motion for summary judgment. Franciscan designated the review panel's unanimous decision in support of its motion for summary judgment. Gabriel responded to the motion. He did not designate any expert medical evidence to oppose Franciscan's motion.

[7] The trial court held oral argument on Franciscan's motion. On June 7, 2019, the trial court granted the motion, noting that Gabriel had not provided an opinion from a medical expert and had thus failed to demonstrate there was a dispute of material fact. This appeal followed.

## Discussion and Decision

[8] When we review the grant of a motion for summary judgment, we apply the same standard as the trial court. *Glon v. Mem'l Hosp. of South Bend, Inc.*, 111 N.E.3d 232, 237 (Ind. Ct. App. 2018), *trans. denied*. Summary judgment is appropriate only when the movant shows that "'the designated evidentiary

matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Id.* (quoting Ind. Trial Rule 56(C)). Upon this showing, the nonmoving party has the burden of demonstrating that there is a genuine issue of material fact. *AM Gen., LLC v. Armour*, 46 N.E.3d 436, 439 (Ind. 2015). All reasonable inferences are construed in favor of the nonmoving party. *Id.* In addition, our review of summary judgment is limited to the evidence designated by the parties to the trial court. *Laycock v. Sliwkowski*, 12 N.E.3d 986, 990 (Ind. Ct. App. 2014), *trans. denied*.

[9] Medical malpractice actions are similar to other negligence actions. *Narducci v. Tedrow*, 736 N.E.2d 1288, 1292 (Ind. Ct. App. 2000). Summary judgment is rarely appropriate in negligence cases because such cases are particularly fact-sensitive and are governed by a standard of the objective reasonable person, which is best applied by a jury after hearing all the evidence. *Kramer v. Catholic Charities of Diocese of Fort Wayne-South Bend, Inc.*, 32 N.E.3d 227, 231 (Ind. 2015). Nonetheless, summary judgment is appropriate when the undisputed material evidence negates one element of a negligence claim. *Id.* The elements of a medical malpractice claim are: (1) the physician owed a duty to the plaintiff; (2) the physician breached that duty; and (3) the breach proximately caused the plaintiff's injuries. *Mayhue v. Sparkman*, 653 N.E.2d 1384, 1386 (Ind. 1995).

[10] Physicians are not held to a duty of perfect care. *Slease v. Highbanks*, 684 N.E.2d 496, 498 (Ind. Ct. App. 1997). Instead, a doctor must exercise the

degree of skill and care ordinarily possessed and exercised by a reasonably skillful and careful practitioner under same or similar circumstances. *Id.* at 498-99. To establish the applicable standard of care and to show a breach of that standard, a plaintiff generally must present expert testimony. *Id.* at 499. A plaintiff's need for expert testimony may be particularly acute in summary judgment cases, because "a unanimous opinion of the medical review panel that the physician did not breach the applicable standard of care is ordinarily sufficient to establish prima facie evidence negating the existence of a genuine issue of material fact entitling the physician to summary judgment." *Stafford v. Szymanowski*, 31 N.E.3d 959, 961 (Ind. 2015).

[11] The doctrine of res ipsa loquitur ("res ipsa") is a limited exception to the general rule that the mere fact of injury will not create an inference of negligence. *St. Mary's Ohio Valley Heart Care, LLC v. Smith*, 112 N.E.3d 1144, 1150 (Ind. Ct. App. 2018), *trans. denied*. Under res ipsa, negligence may be inferred where: (1) the injuring instrumentality is shown to be under the management or exclusive control of the defendant or his servants; and (2) the accident is such that in the ordinary course of things does not happen if those who have management of the injuring instrumentality use proper care. *Vogler v. Dominguez*, 624 N.E.2d 56, 61 (Ind. Ct. App. 1993), *trans. denied*.

[12] In this case, we focus on the second element of res ipsa. A plaintiff relying upon res ipsa may show that the accident was more probably the result of lack of proper care by relying upon common sense and experience or expert testimony. *Id.* In other words, the standard of care need not be established by

expert medical evidence when the doctor's conduct was understandable by the jury without extensive technical input. *Narducci*, 736 N.E.2d at 1293.

[13] The type of situations in which a jury can judge an incident without extensive technical input "have typically arisen from physicians leaving a foreign object in the patient's body; juries can understand without independent explanation that the object should have been removed." *Syfu v. Quinn*, 826 N.E.2d 699, 705 (Ind. Ct. App. 2005). Similarly, in *Gold v. Ishak*, 720 N.E.2d 1175, 1179 (Ind. Ct. App. 1999), *trans. denied*, a patient suffered burns on her face and chest when, during a surgery to cauterize blood vessels in her neck, an electrocautery unit's spark ignited the oxygen flowing from a loosely-secured oxygen mask on the patient's face. A panel of this Court concluded a layperson could understand through their common knowledge that a fire occurring during surgery where an instrument emits a spark near a supply of oxygen was the result of negligent conduct.

[14] By contrast, in *Carpenter v. Campbell*, 149 Ind. App. 189, 191, 271 N.E.2d 163, 165 (1971), a patient underwent a Caesarian section in June 1964. Almost a month later, she arrived at an emergency room, where she was diagnosed with a bowel obstruction and required extensive treatment. The patient later sued the doctors who performed the Caesarian section, claiming their malpractice had caused the bowel obstruction and a subsequent severe infection. She further argued the doctors were liable under the doctrine of res ipsa. A panel of this Court concluded res ipsa was inapplicable because the evidence showed the obstruction could have been caused by a variety of complications, some of

which might not have been the result of negligence by the defendants. As a result, negligence could not be inferred.

[15] Further, in *Methodist Hosps., Inc. v. Johnson*, 856 N.E.2d 718, 719-20 (Ind. Ct. App. 2006), Johnson gave birth to a child in a hospital. In the following days, hospital personnel noted that the infant's skin reacted poorly to intravenous needles ("IVs"). Despite the personnel's attempts to move the IVs to different locations on the infant's body and provide other treatments, the infant developed burns at the locations where IVs had been inserted.

[16] Johnson filed a proposed complaint, but a medical malpractice review board unanimously determined the hospital did not breach the standard of care. Next, Johnson sued, claiming negligence. The hospital moved for summary judgment but did not prevail. On appeal, the question was whether res ipsa applied, thereby establishing an inference of negligence, despite Johnson's failure to provide expert medical evidence to oppose summary judgment. A panel of this Court determined the complications arising from the placements of the IV were "not within the realm of a layperson's knowledge." *Id.* at 722. As a result, common knowledge was insufficient to establish the second element of res ipsa, and Johnson should have submitted expert medical evidence to establish a dispute of material fact. In the absence of such evidence, the Court concluded the hospital was entitled to summary judgment.

[17] Turning to the facts of Gabriel's case, we conclude they more closely resemble the circumstances of *Carpenter* and *Methodist Hospitals* than the circumstances in

*Gold*. Gabriel, like the plaintiff in *Carpenter*, developed an infection after surgery, but there were numerous possible causes for the infections, only some of which could have involved negligence by hospital staff. Gabriel's situation is even less clear than Carpenter's because Carpenter reported her bowel obstruction one month after surgery, while Gabriel did not report his infection until almost three months after surgery, during which time he was not under the hospital's care. As the *Carpenter* Court stated, "'courts reject the notion that because infection follows a treatment an inference of negligence is to be made.'" 149 Ind. App. at 196, 271 N.E.2d at 168 (quoting *Quick v. Thurston*, 290 F.2d 360, 363-64 (D.C. Cir. 1961)).

[18] Similarly, in *Methodist Hospitals* the hospital submitted expert evidence that the complications resulting from the placement of the IVs could have occurred despite due care being taken by the doctors and hospital employees. Gabriel's infection, like the infant's complications in *Methodist Hospitals*, are beyond a layperson's common knowledge. Gabriel should have provided expert medical evidence to determine whether the standard of care was met. *See Methodist Hosps.*, 856 N.E.2d at 722; *see also Narducci*, 736 N.E.2d at 1293-94 (reversing denial of summary judgment on medical malpractice claim arising from surgical complications; cause and nature of complications deemed beyond common knowledge of laypersons, and expert medical evidence was required). In the absence of expert medical evidence establishing a dispute of material fact, the trial court did not err in granting summary judgment in favor of Franciscan.

# Conclusion

[19] For the reasons stated above, we affirm the judgment of the trial court.

[20] Affirmed.

Bradford, C.J., and Tavitas, J., concur.