

**FILED**

Oct 02 2013, 5:41 am

CLERK
of the supreme court,
court of appeals and
tax court

# FOR PUBLICATION

ATTORNEY FOR APPELLANTS:

**BRIAN J. HURLEY**
Douglas, Koeppen & Hurley
Valparaiso, Indiana

ATTORNEYS FOR APPELLEES
CLINT KAUFFMAN, M.D., and FAMILY
AND WOMEN'S HEALTH SERVICES:

**PATRICK P. DEVINE**
**SCOTT B. COCKRUM**
Hinshaw & Culbertson LLP
Schererville, Indiana

ATTORNEY FOR APPELLEE
PULASKI MEMORIAL HOSPITAL:

**DAVID D. BECSEY**
Zeigler Cohen & Koch
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| KATHERINE CHAFFINS and ROGER CHAFFINS SR., | ) | |
| | ) | |
| Appellants-Plaintiffs, | ) | |
| | ) | |
| vs. | ) | No. 66A04-1302-CT-85 |
| | ) | |
| CLINT KAUFFMAN, M.D.; FAMILY AND WOMEN'S HEALTH SERVICES; and PULASKI COUNTY MEMORIAL HOSPITAL; | ) | |
| | ) | |
| Appellees-Defendants. | ) | |

**October 2, 2013**

**OPINION - FOR PUBLICATION**

**BRADFORD, Judge**

## CASE SUMMARY

Appellants-Plaintiffs Katherine Chaffins and Roger Chaffins, Sr., appeal the grant of summary judgment in favor of Dr. Clint Kauffman; his practice, Family and Women's Health Services ("the Practice"); and Pulaski County Memorial Hospital ("the Hospital"). Dr. Kauffman performed a routine colonoscopy on Katherine, immediately after which Katherine complained to the Hospital nursing staff of intense abdominal pain. The nursing staff did not report Katherine's complaint, and Dr. Kauffman made no inquiry into the source of her pain. After twenty-five minutes in recovery, Katherine was discharged from the Hospital—still in severe pain. An X-ray performed twelve hours later revealed that Katherine's colon had been perforated during the procedure.

The Chaffinses argue that the designated evidence establishes a genuine issue of material fact as to whether Dr. Kauffman and the Hospital nursing staff breached their respective duties of care. With respect to Dr. Kauffman, the Chaffinses presented expert testimony that a doctor meeting the requisite standard of care would not discharge a colonoscopy patient who complains

2

of severe abdominal pain. Finding evidence that Dr. Kauffman was aware that Katherine was in severe pain at the time she was discharged from the Hospital, we conclude that summary judgment in favor of Dr. Kauffman was inappropriate. With respect to the Hospital nursing staff, the Chaffinses concede that they failed to present expert testimony establishing the requisite standard of nursing care. The Chaffinses claim, however, that common knowledge enables evaluation of the nursing staff's conduct without expert testimony. We agree and conclude that summary judgment in favor of the Hospital was also inappropriate.

The Chaffinses further argue that Dr. Kauffman and the Hospital failed to make a prima facie showing that no genuine issue of material fact exists on the issue of causation. Because Dr. Kauffman and the Hospital concede that there is an issue as to whether their alleged negligence caused Katherine to suffer prolonged pain, we conclude that summary judgment in their favor was inappropriate. The judgment of the trial court is reversed.

## FACTS AND PROCEDURAL HISTORY[1]

On November 13, 2008, Dr. Kauffman performed a routine colonoscopy on Katherine. Katherine awoke from the procedure with severe abdominal pain, which she reported to the Hospital nursing staff. The nursing staff reassured Katherine that it was normal to experience gas pain following a colonoscopy and encouraged her to walk around the recovery room in an attempt to pass the gas. Katherine could barely walk, and she knew

---

[1] Oral argument was held on August 27, 2013, in the Court of Appeals Courtroom at the Indiana Statehouse. We commend counsel for their preparation and performance.

3

from previous colonoscopies that the pain she was experiencing was not caused by gas. Katherine later described the pain as being worse than child birth.

After twenty-five minutes in recovery, Katherine was discharged from the hospital— still in severe pain. Katherine's husband, Roger, drove Katherine home. Her pain persisted throughout the day. Approximately twelve hours after being discharged, Katherine returned to the Hospital, where an X-ray of her abdomen revealed that her colon had been perforated during her colonoscopy. Katherine underwent emergency surgery to repair the perforation, including a partial colectomy and a temporary colostomy. The latter was surgically reversed three months later.

On September 24, 2010, the Chaffinses filed a proposed complaint with the Indiana Department of Insurance, asserting negligence claims against Dr. Kauffman, the Practice,[2] and the Hospital (collectively, "the Defendants"). Pursuant to Indiana's Medical Malpractice Act, Ind. Code § 34-18-10-1 *et seq.*, a medical review panel was selected to review the Chaffinses' claims. On April 3, 2012, the panel issued its unanimous opinion finding no negligence on the part of the Defendants. Specifically, the opinion read: "The evidence does not support the conclusion that the defendants … failed to meet the applicable standard of care as charged in the complaint." Appellants' App. pp. 24, 25, 26.

On April 19, 2012, the Chaffinses filed their complaint in Pulaski Superior Court. On May 17, 2012, Dr. Kauffman moved for summary judgment, designating the medical review

---

[2] Because the Chaffinses assert vicarious liability against the Practice as the employer or partnership of Dr. Kauffman, we treat each claim against Dr. Kauffman and the Practice as one and the same.

4

panel's opinion and portions of deposition testimony taken from Katherine. The Hospital moved for summary judgment on the same day, designating the medical review panel's opinion and the affidavit of panelist Dr. Thomas Kintanar. On July 31, 2012, the Chaffinses responded to the Defendants' motions, designating the affidavit of Dr. Kevin Olden, an expert in the field of gastroenterology. On August 8, 2012, the trial court granted a continuance so that the Defendants could depose Dr. Olden. Dr. Kauffman replied to the Chaffinses' response on September 10, 2012, designating portions of Dr. Olden's deposition testimony. The Hospital did the same on September 14, 2012. The Chaffinses then filed a surreply and supplemental designation based on Dr. Olden's deposition. The trial court heard argument on the Defendants' motions on November 2, 2012, and granted summary judgment in their favor on January 23, 2013. Where appropriate, additional facts will be supplied below.

## DISCUSSION

The Chaffinses challenge the trial court's grant of summary judgment in favor of the Defendants. When reviewing a motion for summary judgment, we apply the same standard as the trial court, and we resolve any doubt as to a fact, or an inference to be drawn therefrom, in favor of the party opposing summary judgment. *Hoskins v. Sharp*, 629 N.E.2d 1271, 1276 (Ind. Ct. App. 1994). Summary judgment is only appropriate if the designated evidentiary material shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *McIntosh v. Cummins*, 759 N.E.2d 1180, 1183 (Ind. Ct. App. 2001). The party moving for summary judgment bears the initial burden

of making a prima facie showing that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. *Hoskins*, 629 N.E.2d at 1276. Once the movant sustains this burden, the burden shifts to the non-moving party to set forth specifically designated evidence showing the existence of a genuine issue. *McIntosh*, 759 N.E.2d at 1183.

A medical malpractice case based upon negligence is rarely an appropriate case for disposal by summary judgment. *Bunch v. Tiwari*, 711 N.E.2d 844, 847 (Ind. Ct. App. 1999). To maintain such a claim, the plaintiff must show (1) a duty owed to the plaintiff by the defendant, (2) a breach of the duty by allowing conduct to fall below a set standard of care, and (3) a compensable injury proximately caused by defendant's breach of the duty. *Whyde v. Czarkowski*, 659 N.E.2d 625, 627 (Ind. Ct. App. 1995). When the defendant moves for summary judgment and can show that there is no genuine issue of material fact as to any one of these elements, the defendant is entitled to summary judgment as a matter of law unless the plaintiff can establish, by expert testimony, a genuine issue of material fact for trial. *Hoskins*, 629 N.E.2d at 1277.

### I.  Whether There Exists a Genuine Issue of Material Fact as to Breach

The Chaffinses argue that the designated evidence establishes a genuine issue of material fact as to whether the Defendants breached their respective duties of care. In support of their motions for summary judgment, the Defendants designated the medical review panel's unanimous opinion that their conduct did not fall below the requisite standard of care. A unanimous opinion of a medical review panel finding the defendant did not

breach the applicable standard of care is ordinarily sufficient to make a prima facie showing that there is no genuine issue of material fact. *Methodist Hosps., Inc. v. Johnson*, 856 N.E.2d 718, 721 (Ind. Ct. App. 2006). When a medical review panel issues an opinion in favor of the defendant, the plaintiff must present expert medical testimony to negate the panel's opinion. *Mills v. Berrios*, 851 N.E.2d 1066, 1070 (Ind. Ct. App. 2006).

## A. Dr. Kauffman

The Chaffinses claim that the expert opinion of Dr. Olden was sufficient to negate the medical review panel's opinion that Dr. Kauffman's conduct did not fall below the standard of care. In his affidavit, Dr. Olden opined

> that a prudent Doctor who had just performed a colonoscopy would have recognized symptoms associated with the perforation of the colon during the test and would have considered the possibility that the pain [Katherine] was having was associated with, and consistent with, a complication of the procedure namely a perforated colon. …
> In this way, I am of the opinion to a reasonable degree of medical certainty, that Dr. Kauffman performed below the standard of care in connection with the colonoscopy given to [Katherine]….

Appellants' App. pp. 73-74. In his deposition, Dr. Olden further testified that it fell below the standard of care for Dr. Kauffman to see Katherine doubled over in pain in the recovery room and do nothing about it. Such evidence is generally sufficient to establish a genuine issue of material fact as to whether the standard of care has been breached. *Mills*, 851 N.E.2d at 1070 (citing *Jordan v. Deery*, 609 N.E.2d 1104, 1111 (Ind. 1993)).

Dr. Kauffman argues that Dr. Olden's opinion is insufficient to negate that of the medical review panel because it is based on speculation. Speculation will not pass for an expert opinion under Indiana Rule of Evidence 702. *Clark v. Sporre*, 777 N.E.2d 1166, 1170

7

(Ind. Ct. App. 2002). Specifically, Dr. Kauffman claims there is no designated evidence that he was aware that Katherine was in severe pain at the time she was discharged from the Hospital. Our review of the designated evidence, however, reveals otherwise.

In his affidavit, Dr. Olden stated, "[A] part of the information I reviewed was the records of Dr. Kauffman which revealed that Dr. Kauffman only spoke with [Katherine] on one occasion." Appellants' App. p. 72. Dr. Olden explicitly clarified this statement during his deposition, testifying that the "occasion" he was referring to in his affidavit occurred after the colonoscopy. Upon further inquiry, Dr. Olden affirmed that he "found in the records some indication that [Dr. Kauffman] went and saw [Katherine] afterwards." Appellants' App. p. 173. Additionally, Katherine testified in her deposition that she awoke from her colonoscopy "in a fetal position because the pain was so intense," Appellants' App. p. 97, and was "doubled over laying on the table curled up in pain." Appellants' App. p. 99.

Viewed in the light most favorable to the Chaffinses, the designated evidence establishes that Dr. Kauffman visited Katherine in the recovery room, where she was visibly in severe pain. From this evidence, the finder of fact could reasonably infer that Dr. Kauffman was aware that Katherine was in severe pain at the time she was discharged from the Hospital. Therefore, we conclude that the Chaffinses presented sufficient evidence to negate the opinion of the medical review panel, thereby establishing a genuine issue of material fact. Summary judgment in favor of Dr. Kauffman was inappropriate.

**B. The Hospital**

Unlike their claim against Dr. Kauffman, the Chaffinses concede that they failed to

8

designate expert medical testimony as to the duty owed to Katherine by the Hospital nursing staff. In fact, Dr. Olden stated in his deposition that he was not qualified to testify as to the applicable nursing standard of care. Failure to provide such testimony will usually subject the plaintiff's claim to summary disposition. *Perry v. Driehorst*, 808 N.E.2d 765, 768 (Ind. Ct. App. 2004). But a plaintiff is not required to present expert testimony in those cases where deviation from the standard of care is a matter commonly known to lay persons. *Id*. This "common knowledge exception" is applicable where

> the complained-of conduct is so obviously substandard that one need not possess medical expertise in order to recognize the breach. It is otherwise when the question involves the delicate inter-relationship between a particular medical procedure and the causative effect of that procedure upon a given patient's structure, endurance, biological makeup, and pathology. The sophisticated subtleties of the latter question are not susceptible to resolution by resort to mere common knowledge.

*Malooley v. McIntyre*, 597 N.E.2d 314, 319 (Ind. Ct. App. 1992).

The Chaffinses contend that common knowledge enables evaluation of the Hospital nursing staff's conduct without extensive technical input. We agree. Viewed in the light most favorable to the Chaffinses, the designated evidence establishes that Katherine informed the Hospital nursing staff that she was in severe pain and that the nursing staff neither informed Dr. Kauffman of this pain nor documented it in Katherine's records. Additionally, Dr. Olden testified that "[p]atients should be pain-free when they leave the endoscopy suite" and that "a physician has a right to trust his or her nurses to inform them of that." Appellants' App. p 163-64. From this evidence, a reasonable trier of fact could infer that a nursing staff meeting the requisite standard of care would not fail to report that a patient is in

9

severe pain.  Such an inference does not involve the "sophisticated subtleties" of medicine that necessitate expert testimony.  *See Payne v. Marion Gen. Hosp.*, 549 N.E.2d 1043 (Ind. Ct. App. 1990) (holding no expert testimony needed where doctor, without seeing patient for several hours, deemed patient incompetent and terminally ill and issued a "do not resuscitate" order over the telephone without patient's informed consent).  Therefore, we conclude that there exists a genuine issue of material fact precluding summary judgment in favor of the Hospital.

## II.  Whether There Exists a Genuine Issue of Material Fact as to Causation

The Chaffinses also argue that the designated evidence establishes a genuine issue of material fact as to whether the alleged negligence of the Defendants caused the Chaffinses' injuries.  This issue, however, is more appropriately phrased as whether the Defendants satisfied their burden of making a prima facie showing that no genuine issue of material fact exists as to causation.  As stated above, the party moving for summary judgment bears the burden of showing that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law.  *McIntosh*, 759 N.E.2d at 1183.  "Unless and until the movant makes a showing that there is a lack of a material factual issue, the nonmoving party may rest upon the allegations of his pleadings and other materials then of record."  *Whitten v. Ky. Fried Chicken Corp.*, 570 N.E.2d 1353, 1359 (Ind. Ct. App. 1991).

In their complaint, the Chaffinses alleged generally that, as a result of the Defendants' negligence, Katherine suffered "physical injuries."  Appellants' App. p. 44.  The Chaffinses, however, concede that the perforation of Katherine's colon, in and of itself, is not a

compensable injury. Indeed, Dr. Olden testified, "There is no evidence to support the opinion that Dr. Kauffman misperformed the procedure resulting in the bowel perforation[.]" Appellants' App. p. 133. The Chaffinses also concede, as Dr. Olden testified, that Katherine did not develop the systemic complications of a perforated colon despite the alleged delay in diagnosing the perforation, and that Katherine would have required the same surgeries and treatment to repair the perforation had she not been discharged from the Hospital in severe pain. Ultimately, the Chaffinses agree with Dr. Olden's testimony that Katherine obtained "an excellent surgical outcome." Appellants' App. p. 149.

What remains is the Chaffinses' claim that the Defendants' alleged negligence caused Katherine to suffer twelve hours of prolonged pain. At oral argument, the Defendants conceded that prolonged pain was contemplated by the "physical injuries" allegation in the Chaffinses' complaint. Accordingly, we conclude that the Defendants' failed to make a prima facie showing that there is no genuine issue of material fact as to causation. Summary judgment in favor of Dr. Kauffman and the Hospital was inappropriate.

The judgment of the trial court is reversed.

RILEY, J., concur.

BROWN, J., concurs in part and dissents in part with opinion.

11

# IN THE
# COURT OF APPEALS OF INDIANA

KATHERINE CHAFFINS and )
ROGER CHAFFINS SR., )
                     )
    Appellants-Plaintiffs, )
                     )
       vs. )     No. 66A04-1302-CT-85
                     )
CLINT KAUFFMAN, M.D.; FAMILY AND )
WOMEN'S HEALTH SERVICES; and )
PULASKI COUNTY MEMORIAL HOSPITAL, )
                     )
    Appellees-Defendants. )

**BROWN, Judge, concurring in part and dissenting in part**

I concur with the majority that summary judgment in favor of the Hospital was inappropriate. However, I respectfully dissent as to the majority's determination that summary judgment in favor of Dr. Kauffman and Family and Women's Health Services was improperly granted.

There is no designated evidence that Dr. Kauffman was made aware of Katherine Chaffins' pain at the time she was released from the Hospital. And Plaintiffs' expert, Dr. Olden, testified that a physician has a right to rely on his nurse to inform him of a patient's pain. Dr. Olden testified in his deposition that "It is important for the physician to know that his or her patient is leaving the hospital setting free of pain. Now there is no doubt that a

physician has a right to trust his or her nurses to inform them of that." Appellants' Appendix at 147-148.

Further, even if Dr. Kauffman had earlier observed or been informed that Katherine was in pain, there is no designated evidence to show that had he examined Katherine, the perforation would have been revealed. On this point Dr. Olden testified in his deposition that it would require speculation to conclude that an exam would have revealed the perforation:

> Q. Essentially we have to speculate about whether a physical examination at that point in time was going to reveal indications of free air?
>
> A. Yes.

Appellants' Appendix at 140.

The designated evidence further reveals that Katherine was discharged from the Hospital with instructions to "notify the physician if you have severe abdominal pain." Appellants' Appendix at 132. There is no designated evidence to show that the instructions deviated from the standard of care appropriate to Dr. Kauffman and Family and Women's Health Services.

For these reasons I would affirm the grant of summary judgment in favor of Dr. Kauffman and Family and Women's Health Services.