**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Dec 18 2013, 11:02 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**MASOUD AZIMI**
West Lafayette, Indiana

ATTORNEYS FOR APPELLEES:

**ELIZABETH SCHUERMAN**
Bose McKinney & Evans, LLP
Indianapolis, Indiana

**KELLY J. PITCHER**
**BRIAN J. PAUL**
Ice Miller LLP
Indianapolis, Indiana

**MICHAEL E. O'NEILL**
**MICHELLE P. BURCHETT**
**AMI T. ANDERSON**
Schererville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MASOUD AZIMI on behalf of AMIR MANSOUR AZIMI, Deceased, | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 49A04-1304-CT-179 |
| | ) | |
| CLARIAN HEALTH PARTNERS d/b/a METHODIST HOSPITAL, KYLE YANCEY, M.D., STEVE S. SHIN, M.D., DAVID M. KAEHR, M.D., H. SCOTT BJERKE, M.D., REHABILITATION HOSPITAL OF INDIANA, RONALD MILLER, M.D., KEVIN SEGUA, M.D., AND ORTHOPEDICS INDIANAPOLIS, | ) | |
| | ) | |
| Appellees-Defendants. | ) | |

**December 18, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

Masoud Azimi ("Azimi"), on behalf of Amir Mansour Azimi ("Mansour Azimi"), Deceased, appeals the trial court's grant of summary judgment to Clarian Health Partners, d/b/a Methodist Hopsital ("Clarian"), Kyle Yancey, M.D., Steve S. Shin, M.D., David M. Kaehr, M.D., H. Scott Bjerke, M.D., Rehabilitation Hospital of Indiana ("RHI"), Ronald Miller, M.D., Kevin Segua, M.D., and Orthopedics Indianapolis (collectively "the Health Care Providers") on Azimi's medical malpractice complaint. Azimi presents a single dispositive issue for our review, namely, whether the trial court erred when it granted summary judgment in favor of the Health Care Providers.

We affirm.

## FACTS AND PROCEDURAL HISTORY

On September 5, 2007, Mansour Azimi was walking across a street on the Purdue University campus when a vehicle struck him. He was transported to a nearby hospital for medical treatment, and then he was transferred to Methodist Hospital in Indianapolis for additional medical treatment. He was ultimately transferred to RHI for inpatient

2

therapy. On September 11, Mansour Azimi was showering with assistance when he fell and became "limp and diaphoretic." Appellees' App. at 17. A health care provider began CPR on Mansour Azimi, which was continued while he was transported to Methodist via ambulance. Mansour Azimi was pronounced dead in the emergency room at 6:57 p.m.

On September 1, 2009, Azimi filed a proposed complaint for damages with the Indiana Department of Insurance alleging medical malpractice by the Health Care Providers. A medical review panel, in a unanimous opinion dated May 2, 2012, determined that the evidence did "not support the conclusion that the [Health Care Providers] failed to meet the applicable standard of care as charged in the [proposed] complaint." Id. at 37. Thereafter, on August 1, Azimi filed his pro se complaint for damages with the trial court. The Health Care Providers filed motions for summary judgment and requested a hearing on the motions. But the Health Care Providers subsequently withdrew their request for a hearing, and the trial court vacated the hearing date. Azimi did not file a response to the summary judgment motions.

On October 19, the trial court entered summary judgment in favor of each of the Health Care Providers. Azimi filed a motion to correct error, which the trial court denied following a hearing. This appeal ensued.

## DISCUSSION AND DECISION

Azimi contends that the trial court erred when it entered summary judgment in favor of the Health Care Providers.[1]  Our standard of review for summary judgment appeals is well established:

> When reviewing a grant of summary judgment, our standard of review is the same as that of the trial court.  Considering only those facts that the parties designated to the trial court, we must determine whether there is a "genuine issue as to any material fact" and whether "the moving party is entitled to a judgment as a matter of law."  In answering these questions, the reviewing court construes all factual inferences in the non-moving party's favor and resolves all doubts as to the existence of a material issue against the moving party.  The moving party bears the burden of making a prima facie showing that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law; and once the movant satisfies the burden, the burden then shifts to the non-moving party to designate and produce evidence of facts showing the existence of a genuine issue of material fact.

Dreaded, Inc. v. St. Paul Guardian Ins. Co., 904 N.E.2d 1267, 1269-70 (Ind. 2009) (citations omitted).  The party appealing a summary judgment decision has the burden of persuading this court that the grant or denial of summary judgment was erroneous.  Knoebel v. Clark County Superior Court No. 1, 901 N.E.2d 529, 531-32 (Ind. Ct. App. 2009).  Where the facts are undisputed and the issue presented is a pure question of law, we review the matter de novo.  Crum v. City of Terre Haute ex rel. Dep't of Redev., 812 N.E.2d 164, 166 (Ind. Ct. App. 2004).

---

[1]  To the extent Azimi contends that the trial court abused its discretion when it vacated the summary judgment hearing, that contention is without merit.  Trial Rule 56(C) provides that the trial court may conduct a hearing on a summary judgment motion.  Trial Rule 56(C) further provides that the trial court shall conduct a hearing upon motion of any party.  Here, because the Health Care Providers withdrew their request for a hearing on their motions, the trial court was within its discretion to vacate the hearing.

As we explained recently in <u>Chaffins v. Kauffman</u>, 995 N.E.2d 707, 711-12 (Ind. Ct. App. 2013):

> A medical malpractice case based upon negligence is rarely an appropriate case for disposal by summary judgment. <u>Bunch v. Tiwari</u>, 711 N.E.2d 844, 847 (Ind. Ct. App. 1999). To maintain such a claim, the plaintiff must show (1) a duty owed to the plaintiff by the defendant, (2) a breach of the duty by allowing conduct to fall below a set standard of care, and (3) a compensable injury proximately caused by defendant's breach of the duty. <u>Whyde v. Czarkowski</u>, 659 N.E.2d 625, 627 (Ind. Ct. App. 1995). When the defendant moves for summary judgment and can show that there is no genuine issue of material fact as to any one of these elements, the defendant is entitled to summary judgment as a matter of law unless the plaintiff can establish, by expert testimony, a genuine issue of material fact for trial. <u>Hoskins</u>[ <u>v. Sharp</u>, 629 N.E.2d 1271, 1277 (Ind. Ct. App. 1994)].
>
> . . . A unanimous opinion of a medical review panel finding the defendant did not breach the applicable standard of care is ordinarily sufficient to make a prima facie showing that there is no genuine issue of material fact. <u>Methodist Hosps., Inc. v. Johnson</u>, 856 N.E.2d 718, 721 (Ind. Ct. App. 2006). When a medical review panel issues an opinion in favor of the defendant, the plaintiff must present expert medical testimony to negate the panel's opinion. <u>Mills v. Berrios</u>, 851 N.E.2d 1066, 1070 (Ind. Ct. App. 2006).

Here, in support of their summary judgment motions, the Health Care Providers submitted the unanimous opinion of the medical review panel finding that they did not breach the applicable standard of care. Thus, Azimi was required to present expert medical testimony to negate the panel's opinion.[2] <u>See</u> <u>id.</u> But Azimi did not timely file any response to the summary judgment motions or otherwise present expert medical

---

[2] In his motion to correct error, Azimi asserted to the trial court, for the first time, that the doctrine of <u>res ipsa loquitur</u> applied here. Thus, Azimi argued, he was not required to present expert testimony. <u>See, e.g.</u>, <u>Syfu v. Quinn</u>, 826 N.E.2d 699, 703 (Ind. Ct. App. 2005) (observing that cases not requiring expert testimony are those fitting the <u>res ipsa loquitur</u> exception). But it is well settled that a party cannot raise an issue for the first time in a motion to correct error or, for that matter, on appeal. <u>See</u> <u>Troxel v. Troxel</u>, 737 N.E.2d 745, 752 (Ind. 2000). Thus, the issue is waived.

testimony to negate the panel's opinion.[3] Accordingly, the trial court did not err when it entered summary judgment in favor of the Health Care Providers.

Affirmed.

BAKER, J., and CRONE, J., concur.

---

[3] Azimi's responses to the summary judgment motions were due in September 2012. Azimi filed a motion to correct error in November, which was untimely even if it were to be considered a response to the motions. See Trial Rule 56(C).